## SUGAR *v.* TRAUB

[No. 106, September Term, 1963.]

*Decided January 23, 1964.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Harold Buchman,* with whom was *Harold I. Witman* on the brief, for appellant.

*John H. Mudd,* with whom were *Semmes, Bowen & Semmes* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

In this action for personal injuries by a social guest, the plaintiff-appellant contends that the trial court, sitting without a jury, erred in granting the defendant-appellee's motion for a directed verdict. In appraising the appellee's duty toward her guest the trial court applied the standard of reasonable care, but found insufficient evidence of any primary negligence on the part of the appellee, and also found that there was evidence of contributory negligence on the part of the appellant.

The appellee maintains that she owed to the appellant as a social guest only the duty to refrain from wanton and wilful misconduct, and that the trial court erred in employing the standard of reasonable care. Both parties briefed and argued the point carefully and at length. However, as in *Silberg v.*

*Klawans,* 230 Md. 30, 185 A. 2d 389 (1962), we do not reach the question since we think the evidence shows that the appellant was guilty of contributory negligence.

On December 29, 1959 the appellant was a visitor in the home of the appellee, her sister. The appellee had been having difficulty with the heating system—baseboard radiation — in the utility room. When this room would not heat properly, the appellee would open the valve of the radiator therein, to let air escape from the pipes. As the appellee testified, "* * * you have to let the air out before water started running. You have to let the water run a little while before all the air comes out." On the day in question, the appellee, noticing that the utility room was cold, unscrewed the radiator valve in the usual manner. Almost immediately the telephone in her kitchen rang. Leaving the valve open, with air escaping, the appellee walked to the kitchen (which adjoins the utility room), and with her back to the utility room entrance, answered the telephone. A minute or two later the appellant left the bedroom, where she had been dressing, to go to the porch behind the utility room, so that she could place some paper in a trash can on the porch. She walked into the utility room and slipped and fell somewhere near the radiator. On the stand she was unable to state how far she had walked into the utility room before she fell. Prior to her fall, the appellant had not noticed any damp spot on the floor, but the existence of one (six to eight inches long) was conceded by the appellee, though neither party knew of it prior to or at the time of the fall. The appellant said she walked into the utility room without looking at the floor. The utility room was well lighted; the floor was covered with marbleized linoleum. The appellant was seriously injured. Her declaration alleged that the fall was caused by water which had escaped when the radiator valve was opened.

Viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff, we conclude that the trial judge was correct in ruling that the appellant could not recover. Even if we assume, without deciding, that there was some evidence of primary negligence on the part of the appellee, we think the evidence clearly establishes contributory negligence on the part of the appellant. In her pre-

trial deposition (which was placed in evidence) the appellant admitted that she did not look down as she walked into the utility room and that if she had, she would have seen the water and wiped it up. On the stand the appellant "hedged" when asked if she would have seen the damp strip had she looked down, but again admitted that she was not watching where she stepped. The appellant's son testified that the damp spot was difficult to see, "you could hardly see it unless you get down to look at it", but on cross-examination he admitted that he saw the dampness while standing and looking down, apparently without difficulty. While the testimony of the appellant was not always responsive, it may reasonably be inferred from her deposition and statements at the trial that she knew from previous visits that the appellee was in the habit of "bleeding" the radiator and that during the course thereof, water would escape and collect on the floor. As this Court said in *Texas Co. v. Wash., B. & A. R. Co.,* 147 Md. 167, 174, 127 Atl. 752 (1925) :

> "* * * contributory negligence arises from the failure of the plaintiff to use due care to avoid dangers which he knows from past experience exist on the premises to which he has been invited, or which he should know exist because of his knowledge of the character and kind of premises to which he has been invited, or because the dangers are so obvious that any ordinarily prudent man would see them and guard against them."

Under the evidence presented here, we cannot say that the trial judge was in error in finding the appellant guilty of contributory negligence. "A party cannot walk upon an obstruction which has been made by the fault of another and avail himself of it, if he did not himself use common and ordinary caution." *Sutton v. Baltimore,* 214 Md. 581, 584, 136 A. 2d 383 (1957). Cf. *Neely v. Brewer,* 194 Md. 691, 71 A. 2d 872 (1950) ; *Tyler v. Martin's Dairy, Inc.,* 227 Md. 189, 175 A. 2d 587 (1961) ; *McManamon v. High's Corp.,* 230 Md. 370, 187 A. 2d 318 (1963).

*Judgment affirmed; appellant to pay the costs.*