## EYLER *v.* ADOLPH BEAUTY SYSTEM, INC., ET AL.

[No. 234, September Term, 1964.]

228

*Decided April 1, 1965.*

The cause was argued before HAMMOND, HORNEY, SYBERT, OPPENHEIMER and BARNES, JJ.

*John J. Bishop, Jr.,* with whom was *Paul F. Harris,* on the brief for appellant.

*David L. Bowers* for appellee Cweiber and by *Matthew Swerdloff* for appellee Adolph.

HAMMOND, J., delivered the opinion of the Court.

"A party cannot walk upon an obstruction which has been made by the fault of another and avail himself of it, if he did not himself use common and ordinary caution." *Sugar v. Traub,* 233 Md. 320, 323, quoting *Sutton v. Baltimore,* 214 Md. 581, 584.

Judge Menchine felt the appellant to be in the position of the party in the quotation and made him understandably unhappy by taking from him the fruits of a jury's verdict in his favor, by the granting of a judgment n.o.v. We think he was right in so doing.

Appellant went out on a very cold February evening to replenish the family larder at a supermarket in a shopping center. He took with him his twenty-two months old son and his two daughters, one seven and one five. After parking the car he set out across a thirty-five-foot street for the supermarket, with the boy in his left arm and a six-pack of empty returnable bottles in his right hand. The two girls trotted along at his right. The street was icy and there was ice in the gutter at the far curb. The sidewalk he was approaching at the far side

of the street was free of ice and snow for a width of twenty-four inches from the curb. Beginning at that point, a strip of frozen snow or ice from twelve to eighteen inches wide and from two to twelve inches high stretched along the sidewalk parallel with the curb. Beyond the ridge of frozen matter the sidewalk again was clear and clean. The area was well lighted and, despite the fact that the appellant knew that ice was prevalent and actually took note of the ridge on the sidewalk, he stepped on it and fell, suffering serious and painful injuries. He sued the owner of the shopping center and the owners of the two stores in front of which the ice ridge ran.

Judge Menchine, in support of the granting of the judgment n.o.v., said that upon viewing the evidence in the light most favorable to the claimant, he found as facts the matters set out above and that he was assuming without deciding that the defendants had violated a duty owed by them to the claimant. He then held that the claimant was himself so markedly negligent that he could not, as a matter of law, recover damages because: (1) he knew of the general icy conditions; (2) he saw the frozen strip or ridge on the sidewalk, as well as the clear strip of sidewalk between the curb and the frozen ridge; (3) he saw the clear strip of sidewalk on the far side of the ridge, but did not stop on the near clear strip and choose a place to the left or right, where he might have crossed without stepping on the ice; and (4) without hesitating or planning his course, he elected to step on the frozen ridge, encumbered as he was with a baby, a pack of bottles and two children with whose safety he was concerned. The record supports the findings of fact and the cases support Judge Menchine's views of the applicable law. *Sugar v. Traub, supra; McManamon v. High's Dairy Products Corporation,* 230 Md. 370; *Tyler v. Martin's Dairy, Inc.,* 227 Md. 189; *Sutton v. Baltimore, supra;* and *Duross v. M. & C. C. of Balto.,* 136 Md. 56.

The appellant's contention that his attention was diverted from the dangerous condition of the sidewalk by the environmental circumstances, including his concern for his daughters' safety, and that this kept his negligence, if any, from barring him from recovery as a matter of law, will not stand up in the face of such cases as *Sutton v. Baltimore, supra; Burns v. Bal-*

*timore,* 138 Md. 582; and *Benjamin v. City of Baltimore,* 211 Md. 541, 550.

*Judgment affirmed, with costs.*