LEVIN *v.* WALTER KIDDE & COMPANY, INC., ET AL.

[No. 411, September Term, 1967.]

*Decided December 4, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Selma W. Samols,* with whom was *Frank Smith* on the brief, for appellant.

*Edward C. Bell* for Walter Kidde & Company, Inc., appellee. (*John Jude O'Donnell* on the brief for The May Department Stores Co. Inc.—appeal as to it was dismissed before argument.)

MARBURY, J., delivered the opinion of the Court.

The appellant, Dr. Isadore Levin, and his wife Miriam, filed suit on July 26, 1966, in the Circuit Court for Montgomery County. By amended declaration filed on August 31, 1966, they charged the appellees, the May Stores t/a The Hecht Company (Hecht Co.), and Walter Kidde & Company, Inc. (Kidde) with breach of warranty in one count and negligence in another. Kidde demurred to the amended declaration on the ground that Miriam Levin could not maintain an action based upon loss of consortium. Mrs. Levin did not oppose the demurrer which was sustained and thereafter no claim was made on her behalf.[1] On November 14, 1967, the case was tried before a jury, and at the end of the appellant's case, the lower court, Judge Shure presiding, granted appellees' motions for a directed verdict, and judgment was entered in favor of the appellees for costs. From that judgment Dr. Levin has appealed. However, the appellant dismissed his appeal against the Hecht Company.

During February 1962, Julius Kaplan, the appellant's brother-in-law, purchased a syphon bottle known as a "Soda King" manufactured by Kidde at a Hecht Co. store and gave it to Dr. Levin as a birthday present. The Soda King is a heavy container having a hard rubber top, a glass insert, a metal casing, and an exposed thick glass bottom. The bottle appellant received leaked near its top joint and was returned to the manu-

---

1. The demurrer was sustained on January 20, 1967, prior to this Court's decision in *Deems v. Western Maryland Ry.,* 247 Md. 95, 231 A. 2d 514, where we adopted a new rule of law whereby a wife is not accorded the separate right to sue for loss of consortium but may recover as part of the marital entity when both spouses jointly sue on its behalf.

facturer around June 1962. In September of that year, the appellant received in the mail a box which contained a syphon bottle of the same type. On cross-examination Dr. Levin could not say whether that bottle was the same one he had originally received as a gift.

On the morning of October 25, 1963, Dr. Levin was in the kitchen of his home in Chevy Chase, Maryland, preparing carbonated water when the syphon bottle he was holding in his hands exploded. The doctor's left arm was cut by pieces of glass from the bottle's base. After his wife had aided him in applying bandages in an attempt to stop the bleeding, Dr. Levin took a taxicab to the Washington Hospital Center where he was treated by Dr. Arthur Dick in the emergency room. Permanent scars and weakness have resulted from the injury. Since the appellant is a medical doctor specializing in physical medicine and applies physical therapy and exercises to patients referred to him by other physicians, the weakness in his arm has interfered with his practice to the extent that he has not been able to administer certain manipulative procedures.

At the trial, the appellant introduced into evidence a syphon bottle of the same model as the one that exploded, and also an instructional leaflet that came with the Soda King. Dr. Levin then demonstrated the manner in which he prepared carbonated water on the morning in question. Although appellant admitted that he had read the leaflet, he testified that he failed to follow the manufacturer's instructions to hold the bottle up to the light to be sure that there was no crack in the glass because "that's ridiculous, and I couldn't see any cracks because the metal would hide that." The instructions were also specific as to how to hold the syphon when recharging it and provided that the user "[t]hen grasp syphon *horizontally* in left hand with bottom of syphon pointing away from you and slightly downward." A diagram was furnished in the leaflet showing how the bottle was to be held. Appellant testified that on the morning of the accident he did not hold the bottle away from him and downward because condensation which accumulated on the outside of the bottle interfered with holding the bottle as required by the instructions. He further stated that "I disagree with the diagram."

On the breach of warranty count, the court indicated that the appellant was not in privity with the appellees. On the negligence count, as to the Hecht Co., since the appellant had received the bottle that exploded directly from Kidde, he could not show that the bottle was purchased at any Hecht Co. store. Further, the lower court held that the appellant had failed to make out a prima facie case of negligence against Kidde. As a matter of proof, the appellant was relying upon the negligence of Kidde in failing to adequately warn him that the Soda King was inherently and potentially dangerous. Judge Shure felt that the instructions were very specific as to how the user was to operate the syphon, and found that in the absence of any expert testimony, the bottle was not a dangerous instrumentality.

On appeal, Dr. Levin makes two contentions : first, that Kidde owed him a duty of proper warning of danger in the use of its product, and second, that whether such a warning had been given was a question of fact for the jury. In his brief, appellant states "Ever since *MacPherson v. Buick Motor Co.,* New York, 1916, 111 N. E. 1050, the manufacturer is liable in tort to the consumer even in the absence of privity." For the purposes of this appeal, we assume, without deciding, that Kidde did owe the appellant a duty of proper warning. However, we hold that the lower court was correct in finding that as a matter of law such warning had been given, and that the appellant chose to disregard it. We have found no Maryland case directly in point, but, compare *Twombley v. Fuller Brush Co.,* 221 Md. 476, 158 A. 2d 110; *Katz v. Arundel, Etc., Corp.,* 220 Md. 200, 151 A. 2d 731. See also *Bean v. Ross Manufacturing Company,* 344 S.W.2d 18 (Mo.) ; Dillard & Hart, *Product Liability: Directions For Use And The Duty To Warn,* 41 Va.L.Rev. 145 ; Prosser, *Torts,* p. 665 (3d ed.).

Even if Kidde owed a duty to warn users of its product of possible danger, such a warning need only be one that is reasonable under the circumstances. However, appellant urges that the whole tenor of the instructional leaflet is intended to promote the product, give hints as to effective use, and promote sales. He further complains that any warnings of danger are so attenuated as to be practically worthless. After examination of the leaflet we conclude that the instructions on how to op-

erate the Soda King are separate and distinct from any promotional advertising. The instructions were specific and clear. Their pertinent provisions were as follows:

> "1. Unscrew syphon head and remove plastic tube. Hold syphon up to the light looking through neck of bottle to be sure that there is no crack in the glass. (Mold marks are not cracks.) *Never use cracked bottle*. We will replace, at the factory, any new bottle in which the glass has cracked. Fill to the line marked 'Filling Limit' *(never above)* with cold water — the colder the better. If you are going to use the syphon immediately, it is desirable to put in ice water. Put funnel with ½ inch opening in neck of syphon bottle. Pour ice water with cracked ice or small Tremax ice cubes through funnel.
>
> "2. Replace plastic tube and screw syphon head on securely, though don't use force.
>
> "3. Insert a SODA KING Super-Charger in charge holder and screw up until slight resistant is felt.
>
> "4. Then grasp syphon *horizontally* in left hand with bottom of syphon pointing away from you and slightly downward. Grasp charge holder with right hand so that it projects upward. Screw down holder slowly until the Super-Charger is punctured. Shake syphon VIGOROUSLY and continue to screw holder SLOWLY until the gas ceases to flow."

A diagram accompanied instruction 4.

Appellant argues that no reasons of safety are given for the prohibition against using a cracked bottle and that the danger of explosion is not stated or implied. The duty owed is a reasonable warning, not the best possible warning. The obviousness of the danger to the customer is a factor to be considered in determining the adequacy of the warning. See *Tie Bar, Inc. v. Shartzer,* 249 Md. 711, 241 A. 2d 582; *Westerberg v. School District No. 792,* 276 Minn. 1, 148 N.W.2d 312; *Parker v. Heasler Plumbing & Heating Company,* 388 P. 2d 516 (Wyo.). The words "Never use cracked bottle" in instruction No. 1 were italicized and we find that such language constituted a suffi-

cient warning to a reasonable user of the product of the danger inherent in vigorously shaking a Soda King to prepare carbonated water should the glass be cracked. Furthermore, there was no evidence produced at the trial that the bottle was in fact cracked immediately prior to the explosion. We also note that there was no testimony that the Soda King was an inherently dangerous instrumentality, and there was no evidence that Kidde knew or reasonably should have known that the syphon was mechanically or structurally defective. See *e.g., Levy v. Kidde Manufacturing Co., Inc.,* 13 N.J.Super. 439, 80 A. 2d 629; *Bruckel v. Milhau's Son,* 116 App. Div. 832, 102 N.Y.S. 395.

The appellant testified that he had read the instructions, but that on the morning of the accident he did not inspect the bottle for cracks, saying that was "ridiculous." In addition, when Dr. Levin was recharging the syphon, the evidence was clear that he did not hold the bottle as instructed because he disagreed with the diagram. As the lower court stated: "So, instead of holding it away from him as it specifically says, pointing away from you and slightly downward, and this was for obvious reasons because the bottom of the syphon was glass, he held it so that it was in front of his body and the part that should have been pointing away from him was pointing directly at him, at his left arm."

We conclude that under these circumstances, the lower court was correct in holding as a matter of law that the instructions constituted sufficient warning of a danger that might arise from operating a Soda King bottle. We further conclude that the appellant failed to use reasonable care in following the instructions for his own safety so that his action in manipulating the bottle constituted negligence which barred any right of recovery by him. For the above reasons, the judgment will be affirmed.

*Judgment affirmed. Costs to be paid by appellant.*