NEAL P. MYERBERG, Administrator, etc.
*v.* RAYMOND JOSEPH THOMAS et al.

[No. 56, September Term, 1971.]

*Decided December 3, 1971.*

540

The cause was argued before MURPHY, C. J., and MOY-LAN and GILBERT, JJ.

*Neal P. Myerberg,* with whom were *Briscoe & Kenney* on the brief, for appellant.

*Albert D. Brault,* with whom were *Brault, Scott & Brault* on the brief, for appellees.

GILBERT, J., delivered the opinion of the Court.

The administrator of the Estate of Rosalind Louise Degman (Mrs. Degman), appellant, dissatisfied with a directed verdict entered against him in his action against Raymond Joseph Thomas (Thomas) and Charles Greenwell (Greenwell) by Judge Dorsey in the Circuit Court for St. Mary's County, has appealed.

On July 13, 1969, between 8:30 and 9:00 p.m., Mrs. Degman was operating her motor vehicle in a northerly direction on Rt. 235, just north of Oakville in St. Mary's

County, Maryland. After striking a dog she pulled her car over to the left side of the road. Mrs. Degman alighted from her vehicle and returned to where the dog was lying in the road. Before she left the vehicle she said to her companion, Mrs. Smallwood, "Just a minute, Marge." Mrs. Degman leaned over the dog "for some five or six minutes." Mrs. Smallwood, from her vantage point in the Degman vehicle, observed none of the vital signs of life in the animal. Mrs. Smallwood described the lighting conditions as, "By the time of the hit, it was like you say between twilight and dusk. It's that in-between time, you know, of the evening. And by this time, after the hit, well, it was—say fairly just about—well, dark just about set in." While Mrs. Degman was kneeling over the injured dog, facing southbound traffic, a truck operated by Thomas was proceeding in a north-erly direction on Rt. 235, with its low beam lights lit. The truck struck Mrs. Degman. Mrs. Smallwood raced to Mrs. Degman and talked to her. Thomas said he stopped his vehicle "right still" as he was "driving that slow." He had previously observed the Degman vehicle pulled over to the side of the road. During the time Mrs. Degman was being cared for by Mrs. Smallwood several other vehicles stopped and a crowd gathered. A car op-erated by a person not a party to this case apparently came through the area and struck Mrs. Degman while she was lying in the road. Mrs. Degman was killed as a result of the second collision. This appeal does not in-volve the accident which seemingly caused Mrs. Degman's death.

At the trial, Mrs. Smallwood testified that the decedent was wearing dark green slacks with flowers on them and a similar blouse. Mrs. Smallwood said, "It was hard for me to see her from the car * * *. I could hardly see her."

Thomas was called by the administrator-appellant as the plaintiff's witness. Thomas testified that he was pro-ceeding at a rate of speed approximately 30 to 40 miles

an hour in a 50 mile per hour zone. He said the reason he was traveling so slow was that the truck burned a lot of oil and that if he exceeded 40 it "smoked." He described the time of day as "night-time dark." Thomas stated that his attention was drawn to Mrs. Degman's vehicle which had its lights on, because he was concerned about its pulling out into his path. When he first noticed the decedent in the road, he thought it was a box and that he was "right up on top." He said he "nudged" Mrs. Degman. The appellant then adduced testimony from Jacqueline Jones. Miss Jones testified that when she came upon the scene of the accident there were a number of cars parked and that she saw Mrs. Degman lying in the roadway. She felt that it was not so dark that she could have driven without lights and that she saw something in the roadway from a quarter of a mile away. "* * * within maybe 100 feet, I observed there was a girl lying in the road."

Charles Greenwell was the owner of the truck that Thomas was operating. The testimony negated that Thomas was the agent of Greenwell. At the close of the plaintiff's case, the appellees moved for, and were granted, a directed verdict.

Judge Dorsey said:

> "Well, taking the second motion [1] first [the] Court feels that that motion should be granted both because the plaintiff has failed to show by a preponderance of evidence primary negligence on the part of the defendant [Thomas]; and two, because of contributory negligence as a matter of law on the part of the plaintiff."

Because we think the trial court correct in ruling the decedent was guilty of contributory negligence as a matter of law, we need not discuss the question of the presence or absence of primary negligence on the part of Thomas.

---

1. The first motion sought a directed verdict on behalf of Greenwell.

The appellant, having called Thomas as an adverse witness and eliciting his testimony as to speed, the manner of his operation of the truck and his observations, and thereafter failing to introduce any evidence to contradict the Thomas testimony, is bound by it. *Lehmann, Adm'r. v. Johnson,* 218 Md. 343, 146 A. 2d 886 (1958) ; *Vokroy, Adm'r. v. Johnson,* 233 Md. 269, 196 A. 2d 451 (1964).

At the time of this accident, the respective duties of motorists and pedestrians were set forth in Article 66½, § 236 (a).² That section read: "All pedestrians shall have the right of way at street crossings in the towns and cities of this State, except where traffic is controlled at such crossings by traffic officers, or traffic-control devices. Between street crossings in such towns and cities, vehicles shall have the right of way."

This Court in *Knisley v. Keller,* 11 Md. App. 269, 273 A. 2d 624 (1971), speaking of compliance with § 236 (a) of Article 66½, said that:

> "* * * although failure to do so is not negligence *per se,* he must use the greatest care for his own protection. As the Court of Appeals said in *Henderson v. Brown,* 214 Md. 463, 135 A. 2d 881 (1957), at page 468:
> '* * * the law requires him to know that he must accommodate himself to vehicles on the road, that he cannot dispute their right-of-way but cross only as the traffic affords safe opportunity.'
> "The teachings of *Love v. State, Use of Nelson,* 217 Md. 290, 142 A. 2d 590 (1958) ; *Campbell v. Jenifer,* 222 Md. 106, 159 A. 2d 353 (1960) ; *U.S.F. & G. Co. v. Royer,* 230 Md. 50, 185 A. 2d 341 (1962) ; *Van v. McPartland,* 242 Md. 543, 219 A. 2d 815 (1966), and many others are to the same effect."

2. Now covered by Art. 66½, § 11-503, Annotated Code of Maryland.

The Court of Appeals in *Flohr v. Coleman,* 245 Md. 254, 265, 225 A. 2d 868, 874 (1967), stated:

"The public roads are for the general use of all members of the public, and the rights of one operating a vehicle and of a pedestrian on 'a public highway are mutual, reciprocal, and equal. Neither may use it in disregard of the right of the other to use it. Each must accommodate his movements to the other's lawful use of it, and each must anticipate the other's possible presence."

In the same case, the court said:

"The pedestrian may assume that the driver will use ordinary care for his protection, and the driver may assume that the pedestrian will exercise ordinary care for his own safety."

In *Reid v. Pegg,* 256 Md. 289, 260 A. 2d 238 (1969), the Court of Appeals affirmed the decision of a trial judge's granting of a motion for a judgment n.o.v. on the ground that Mrs. Reid was guilty of contributory negligence as a matter of law. There, an accident occurred at approximately 6:30 p.m. in February, 1968. It was dark and there was no artificial illumination present at the scene of the accident. Mrs. Reid attempted to cross Rt. 235 in St. Mary's County. She said she looked both ways on the highway and didn't see "any car, so I started walking across the street to get to the concrete. And I hear a noise." She described the car as coming at a high rate of speed. The court held that:

"Mrs. Reid had a duty to use ordinary care for the preservation of her own health and safety. Contributory negligence has been defined as 'the neglect of duty imposed upon all men to observe ordinary care for their own safety. It is the doing of something that a person of ordinary prudence would not do, or the failure to do some-

thing that a person of ordinary prudence would do, under the circumstances.' *Potts v. Armour & Co.*, 183 Md. 483, 490, 39 A. 2d 552 (1944)."

We think that reasonable minds would concur in the action taken by the trial court in holding that Mrs. Degman was guilty of contributory negligence as a matter of law. We do not think that an ordinarily prudent person would have acted in a similar manner to Mrs. Degman as evidenced by her continued presence in the roadway at a great risk to her personal safety.

The degree of illumination was at best dim and at worst dark. Thomas was not speeding. Mrs. Degman's presence in the traveled portion of a roadway for five to six minutes where she was kneeling down and turned away from traffic constituted contributory negligence as a matter of law. *Vagnoni v. Shenkle,* 12 Md. App. 576 (1971) ; *Oddis v. Greene,* 11 Md. App. 153 (1971) ; *Mazer v. Stedding,* 10 Md. App. 505 (1970) ; *Bayliss v. Federal Mutual Ins. Co.,* 13 Md. App. 166.

*Judgment affirmed.*
*Costs to be paid by appellant.*