ROONEY ET VIR *v.* THE STATEWIDE PLUMBING
AND HEATING—GENERAL CONTRACTORS,
INC., ET AL.

[No. 347, September Term, 1971.]

*Decided May 17, 1972.*

The cause was argued before HAMMOND, C. J., and
BARNES, FINAN, ▮ SINGLEY and SMITH, JJ.

*Richard C. Rice* for appellants.

*Edward C. Mackie* and *Austin W. Brizendine,* with whom were *Rollins, Smalkin, Weston & Andrew* on the brief, for appellees.

SMITH, J., delivered the opinion of the Court.

When a housewife fell through a hole in the hallway of her own home she and her husband sued the contractor and subcontractor who were in the process of installing a new furnace when the accident took place. They complain here because summary judgment was entered against them upon motion of the defendants. We shall affirm.

Appellants, Joseph E. Rooney and Hollie T. Rooney (the Rooneys), contracted with appellee, The Statewide Plumbing and Heating—General Contractors, Inc. (Statewide), for a new furnace. Appellee James F. Colwell (Colwell) did the work. Judge Macgill summarized the facts in his opinion:

> "According to her deposition, Mrs. Rooney and her husband owned a dwelling in Savage, Howard County, which had a space of about four to five feet between the first floor and the ground. The house was heated by a furnace and in connection with this furnace there was a grate or register in the floor in the hallway. The Rooneys decided to have the furnace replaced and Mrs. Rooney made arrangements with the defendants to have this done. She was at home when the workmen arrived to remove the old furnace and install the new one. While the men were working she remained, most of the time, in the dining room looking after her grandson. The work was being done about twelve feet away in the hallway and she was aware that it was being done because of the noise, although she did not look into the area. It was a bright, sunny

day and there was no problem about lighting. Sometime after four o'clock in the afternoon Mrs. Rooney cleaned off the dining room table and picked up some letters and papers which belonged to her son and proceeded to take them to a closet in the hallway. The grate or register in the hallway had been removed by the workmen and she fell through the uncovered opening to the ground under the floor, injuring herself.

"The relevant parts of her deposition with respect to this incident are as follows:

'Q. Well, now, then you, I take it, you walked toward the closet; is that correct? A. I just walked back in and threw the mail up and hit the ground.

'Q. Now, did you look straight ahead, or look down, or look up when you started walking toward the closet in the hallway? A. I just deliberately walked in there—I don't remember looking up or down or any way. I walked there a million times.

'Q. You knew that the men were working there, did you not? A. I knew they were working, yes.

'Q. You knew the grate was out, didn't you? A. No, I did not. Do you think I would have walked in it if I did?

'Q. Now, how large was the hole? A. I don't know how large it is. Large enough for me to fall down through.

'Q. When you were walking from the dining room table toward the closet in the hallway, didn't you see that there was a hole there? A. No, I didn't see the hole there.

'Q. Did you look down there? A. No.

'Q. Did you, or did you not, look when you walked ahead? A. No, I didn't.

'Q. You did not see the hole there? A. I did not see it, that is the truth.' "

The Rooneys sued Statewide and Colwell, claiming negligence in installing the furnace and breach of contract in failing "to complete said job in a safe manner." The fourth count was a claim against Statewide only. In it the Rooneys claimed that Statewide "failed and refused to properly install said furnace and as a result thereof, the Plaintiffs, Hollie T. Rooney and Joseph E. Rooney, ha[d] in the past and/or [would] in the future incur the expenses of properly installing said furnace." This was the only count that did not deal with the incident in which Mrs. Rooney fell. Of the counts dealing with that incident, some were against Statewide, some against Colwell, and some against both Statewide and Colwell.

Both defendants moved for summary judgment. Two affidavits were presented by the Rooneys to the court for its consideration on these motions in addition to the deposition of Mrs. Rooney which was on file. One was an affidavit of Mrs. Rooney in which she said "that on April 8, 1967, the day on which she fell * * * she did not know that the grate had been removed from the floor prior to the fall; that the hole where she fell was not visible from normal occupation of the dining room and at no time prior to the fall was she in a position in the dining room to see where the grate had been removed." The second was the affidavit of another contractor in which he said "that he [was] the President of Laurel Fuel Oil and Heating Co., Inc., which [was] and ha[d] been engaged in the business of installing heating units in dwellings; that he personally examined the home of Mr. and Mrs. Rooney at 212 Commercial Street, Savage, Maryland * * *; that he was shown the place where the grate had been removed in the installation of the new furnace; that based upon his experience in installing heating units, it is not good practice nor is it in accordance with the general standards of construction to leave

a hole of that size open for any period of time and good workmanship requires the person or persons installing such a furnace to keep said hole firmly covered at all times when workmen are not in the immediate area."

The Rooneys contend that Judge Macgill erred in ruling as a matter of law that Mrs. Rooney was guilty of contributory negligence, both on the basis that she was not contributorily negligent and because "[w]hen a person has contracted for the performance of work in a good and workmanlike manner, he or she is entitled to have what was bargained for, without the necessity for unusual caution." They also contend that there was error in granting summary judgment on the basis of contributory negligence as to the fourth count, which is "solely in contract for failure to properly install the furnace." They say this "is obviously distinct from any claim of negligence or lack thereof."

The principles relative to consideration of a motion for summary judgment at the circuit court level are familiar and have been summarized recently in *Sherman v. Am. Bankers Life Assur.*, 264 Md. 239, 241-42, 285 A. 2d 652 (1972), and *Brown v. Suburban Cadillac, Inc.*, 260 Md. 251, 254-55, 272 A. 2d 42 (1971). The purpose is not to try the case on its merits, but to determine whether any real dispute exists as to any material fact. If the pleadings, depositions, admissions, and affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law, then summary judgment should be granted. If there is a genuine dispute as to any material fact, then it should not be granted. In reviewing such a motion we must be concerned primarily with deciding whether or not a factual issue exists. Therefore, all inferences should be resolved against the party making the motion. However, when the moving party has set forth sufficient grounds for summary judgment, the party opposing the motion must show with some precision that there is a genuine dispute as to a material fact. This showing must be by facts which would be admissible in

evidence. Such a material fact must be one the resolution of which will somehow affect the outcome of the case. *Parklawn v. Nee,* 243 Md. 249, 254, 220 A. 2d 563 (1966).

Apparently, the Rooneys see the triable issues of fact here as whether Mrs. Rooney prior to her fall was in a position in the dining room to see where the grate had been removed in the hallway and whether the general standards of care applicable to such contractors would have required the contractor to keep the furnace hole "firmly covered at all times when workmen [were] not in the immediate area."

In *So. Md. Electric v. Blanchard,* 239 Md. 481, 212 A. 2d 301 (1965), Chief Judge Prescott said for the Court:

> "It is a fundamental principle of negligence law that a person must use his Providence-given senses to avoid injury to himself." *Id.* at 485.

In order to withdraw a case from the jury on the ground of contributory negligence, the evidence must show some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds. *Baltimore & O.R.R. v. Plews,* 262 Md. 442, 454, 278 A. 2d 287 (1971), citing *Balto. Transit Co. v. Castranda,* 194 Md. 421, 434, 71 A. 2d 442 (1950). This would be no less true on a motion for summary judgment.

In *Ensor v. Ortman,* 243 Md. 81, 220 A. 2d 82 (1966), this Court said:

> "Had there been testimony here that had Mrs. Ensor looked, she would have seen, for instance, a missing board in the porch's flooring and that when she stepped out she stepped into the hiatus caused thereby, then this would plainly bring the plaintiff's conduct within the last cited holding. [*Eyler v. Adolph Beauty System,* 238 Md. 227, 208 A. 2d 609 (1965)]." *Id.* at 91.

Similar holdings are found in *Sugar v. Traub,* 233 Md.

320, 196 A. 2d 869 (1964), and *Sutton v. Baltimore,* 214 Md. 581, 136 A. 2d 383 (1957), both cited in *Eyler,* and in *Mershon v. Gino's, Inc.,* 261 Md. 350, 276 A. 2d 191 (1971). Judge Macgill in his opinion quoted the statement in *Sutton* at page 584 that "a party cannot walk upon an obstruction which has been made by the fault of another and avail himself of it, if he did not himself use common and ordinary caution."

Whether Mrs. Rooney had actual knowledge of the existence of the hole before she walked into the hallway and whether good practice would have required the contractor to cover the hole are not material facts, standing alone, since the resolution of them would not affect the outcome of the case. Here, Mrs. Rooney knew workmen were in her home. She admitted she "could hear noise from the removal of the grate and their working there." Therefore, when, in broad daylight, she walked into that room and then proceeded to walk, without looking, into the hole left by the removal of that grate, reasonable minds would not differ in declaring that she was negligent as a matter of law. Thus, any recovery on a tort claim is barred.

In *Erdman v. Johnson Brothers,* 260 Md. 190, 271 A. 2d 744 (1970), extensive consideration was given to the application of the doctrine of contributory negligence where there was a suit for a breach of warranty in the sale of a defective color television set and for breach of a service contract. Judge Finan, after an extensive review of the authorities, there said for the Court:

> "In the case at bar the trial judge did not make any finding as to primary negligence on the part of the defendant under the second count of the declaration. However, he stated that, assuming there was primary negligence, the plaintiffs were barred from recovery because of their actions. We think it should also be stated that the breach of warranty, if any there was, was not the proximate cause of the fire because of

the appellants' continued use of the set after the discovery of the obvious defects. We believe that such a holding is consistent with the trial judge's characterization of the plaintiffs' conduct as contributory negligence and with the Uniform Commercial Code's Official Comment 13 to § 2-314, and Comment 5 to § 2-715. Again, we would not quarrel with those who might prefer to state it differently, i.e., that when the purchaser is guilty of actions amounting to contributory negligence in his use of the products, he is no longer relying on the implied warranty of the seller. Insofar as the issue of the liability of the defendant is concerned the end result would be the same in this case." *Id.* at 203.

In *Levin v. Walter Kidde & Co.*, 251 Md. 560, 248 A. 2d 151 (1968), we considered a claim against the seller and the manufacturer for injuries sustained when a siphon bottle exploded. In holding that the injured person could not recover, Judge Marbury said for the Court:

"We conclude * * * the lower court was correct in holding as a matter of law that the instructions constituted sufficient warning of a danger that might arise from operating a Soda King bottle. We further conclude that the appellant failed to use reasonable care in following the instructions for his own safety so that his action in manipulating the bottle constituted negligence which barred any right of recovery by him." *Id.* at 565.

The conclusion is inescapable here that the proximate cause of Mrs. Rooney's injuries was not any breach of contract on the part of the appellees, but her failure to look.

No triable issue of fact has been presented on the fourth count of the declaration. There is nothing in the deposition of Mrs. Rooney nor in the affidavits presented

by the appellants to show any failure on the part of Statewide "to properly install" the furnace in question as the result of which the Rooneys "have in the past and/or will in the future incur the expenses of properly installing said furnace." Accordingly, Judge Macgill properly granted summary judgment on that count also.

*Judgment affirmed; appellants to pay the costs.*