46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James M. WALKER; Sonja Walker, his wife, Plaintiffs-Appellants,
v.
ARKANSAS-BEST FREIGHT SYSTEMS, INCORPORATED, Defendant-Appellee.
 No. 94-1331.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 1, 1994.
Decided: Jan. 30, 1995.
 
 ARGUED: Gerald Francis Gay, Baltimore, MD, for Appellants. John M. G. Murphy, OBER, KALER, GRIMES & SHRIVER, Baltimore, MD, for Appellee. ON BRIEF: Herbert J. Arnold, Baltimore, MD, for Appellants. Geoffrey S. Tobias, OBER, KALER, GRIMES & SHRIVER, Baltimore, MD, for Appellee.
 Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The plaintiff, James M. Walker,[1] has appealed the district court's entry of summary judgment against him based on a finding that he was contributorily negligent. Because the district court correctly concluded that Walker was negligent as a matter of law, we affirm.
 
 I.
 
 2
 Walker worked as a warehouse supervisor for the Maryland Lumber Company. He had been involved with warehouse operations, in various capacities, since 1980. On June 1, 1989, Walker and another Maryland Lumber employee, Wayne Mobley, were working on the Maryland Lumber loading dock. Walker and Mobley were responsible for receiving items from appellee Arkansas-Best Freight Systems, Inc. (ABF).[2] Because all of the loading docks were occupied when the ABF truck arrived, the truck was unloaded at street level. Walker accompanied the ABF driver, Wiley T. Smith, onto the tailboard of the truck, after the driver stated that he could not locate the materials in the truck that were to be delivered to Maryland Lumber. Because Walker and Smith still could not find any of the items from their vantage point at the rear of the trailer, Mobley removed several golf carts from the truck with a forklift in order to give Walker and Smith a better view into the truck. They still did not see the materials to be delivered to the lumber company.
 
 
 3
 Walker checked the delivery copy and noted that Maryland Lumber was to receive three small boxes and one pallet. According to
 
 
 4
 Walker, the ABF driver, who was standing inside the truck, asked him to come into the truck to find the shipment. Walker admits that he noticed, even before he entered the truck, that items were packed into the truck in a haphazard manner. When Walker first stepped up on the tailboard of the truck, he also saw inside the truck a very large cardboard box resting on a black drum; both the drum and the box were sitting on top of a broken wooden pallet, and neither was tied down. Walker noted that as he walked inside of the truck, the truck rocked back and forth, and he first noticed that the drum and the box were swaying when he was approximately one to two feet away from them. According to Walker, at this point, he asked the driver to secure the load. As he turned and walked out of the rear of the truck, Walker was struck by the large cardboard box when it slid off of the drum on which it was perched.
 
 
 5
 The Walkers filed this action in the Circuit Court for Baltimore City on June 23, 1992. On that same day, ABF filed a Notice of Removal to the United States District Court for the District of Maryland, based on diversity of citizenship. ABF moved for summary judgment on September 14, 1993, and the motion was granted on February 10, 1994 by the district court without a hearing. The district judge found that, assuming (without deciding) that ABF was negligent, Walker's contributory negligence barred his recovery. The district court therefore did not find it necessary to reach ABF's contention that Walker assumed the risk. A timely notice of appeal was filed on March 4, 1994.
 
 II.
 
 6
 We review the grant of summary judgment by the district court de novo. Miller v. Federal Deposit Insurance Corp., 906 F.2d 972, 974 (4th Cir.1990). Inferences are drawn in the light most favorable to the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Haavistola v. Community Fire Co. of Rising Sun, Inc., 6 F.3d 211, 214 (4th Cir.1993); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249.
 
 
 7
 Maryland law applies in a diversity action of the kind we deal with here. Under Maryland law, contributory negligence, which is a com plete bar to a plaintiff's recovery, see Harrison v. Montgomery County Board of Education, 295 Md. 442, 456 A.2d 894 (1983), is "the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances." Potts v. Armour & Co., 183 Md. 483, 490, 39 A.2d 552, 556 (1944). Ordinarily, contributory negligence is a question for the jury. Campbell v. Baltimore Gas & Electric Co., 95 Md.App. 86, 93, 619 A.2d 213, 216, cert. denied, 331 Md. 196, 627 A.2d 538 (1993). The Maryland Court of Appeals has stated:
 
 
 8
 In order to withdraw a case from the jury on the ground of contributory negligence, the evidence must show some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds. This would be no less true on a motion for summary judgment.
 
 
 9
 Rooney v. Statewide Plumbing & Heating--General Contractors, Inc., 265 Md. 559, 564, 290 A.2d 496, 499 (1972) (citations omitted).
 
 
 10
 Walker has asserted that he did not notice that the pallet on which the box was resting was broken until he stood on the tailboard of the truck, and that even at that point, he did not know that the truck would sway when he walked inside of it. In fact, Walker stated both in his brief and at oral argument that he did not notice the swaying until he was one to two feet away from the box, at which point he stopped moving briefly and then turned around to exit the truck. Walker argues that because he did not observe the precise instrumentality of his harm, i.e. the swaying cardboard box, until just before the accident, it should have been left to a jury to decide whether he exercised reasonable care.
 
 
 11
 The district court, however, found that Walker did not need to know of the specific instrumentality that injured him in order to be contributorily negligent as a matter of law. Rather, the court found that the fact that Walker entered the truck knowing that it presented a dangerous environment was sufficient to establish contributory negligence. The court stated:
 
 
 12
 [T]he fact that Walker did not notice the particular swaying box and drum until it was "too late" for him to avoid injury does not prevent a finding of contributory negligence. Whether a plaintiff has acted with due care for his own safety depends on his knowledge of the dangerous circumstances, not whether the plaintiff sees and appreciates the actual instrumentality of harm.
 
 
 13
 In support of its conclusion, the district court cited Rooney, 265 Md. 559, 290 A.2d 496, in which a woman filed suit when she fell into a hole in her own home after workmen removed a grate that had been covering the hole. The Court of Appeals of Maryland affirmed the trial court's ruling that the plaintiff was contributorily negligent, since she and her husband had asked the workmen to come into their house to replace the furnace which was located under the grate; the woman was aware that the work was being done since she was at home when the workmen arrived; and she could hear noise coming from the hallway, indicating that work was being done there. The court stated that it was not significant whether the plaintiff actually knew that the hole was open when she walked into the hallway, because she knew that the workmen were in the hall and thus knew that a hazardous condition existed in the area. The court found that the proximate cause of plaintiff's injuries was her failure to watch where she was going.
 
 
 14
 Walker has attempted to distinguish Rooney by arguing that the plaintiff in Rooney had "significant advance warning of the actual defective condition which caused her injury." Walker has urged that, since he did not see that the pallet was broken until he stood on the tailboard of the truck, and did not notice the swaying until he was very close to the hazard, he did not have sufficient advance knowledge of the danger to make him contributorily negligent as a matter of law.
 
 
 15
 However, Walker, by his own admission, knew from looking into the truck from the outside that the truck was "loaded in a very haphazard, very rushed manner" and that "there was a pallet with a drum with a very oversized box on top of the drum and there were other boxes in there not squarely stacked and not very carefully stacked inside the truck. Everything was really hodge-podge.... " He further noted, while he was still standing on the tailboard of the truck, that the pallet was broken, and he observed after he walked into the truck that the materials on top of the pallet were not tied down. In addition, although Walker asserted that he did not know that the truck was swaying until he was actually in the truck, he stated in his deposition, "As you are walking in a truck a lot of times it will rock back and forth just walking into it." As the district court stated, the fact that Walker did not realize that the hazardous contents were swaying until he was close to them "does not negate Walker's knowledge of the allegedly negligent packing of the truck, the broken pallet and its unsecured load, and the tendency of a truck to rock should someone walk in it, before he even entered the truck."[3]
 
 
 16
 It is clear that Walker was aware both of the dangerous conditions in the truck and of the fact that a truck may rock back and forth when a person walks in it. The district court, under the circumstances presented, properly concluded that Walker was contributorily negligent as a matter of law.[4]
 
 Accordingly, the judgment is
 
 17
 AFFIRMED.
 
 
 
 [1]
 Walker's wife, Sonya Walker, was also a plaintiff in the action
 
 
 [2]
 In their complaint, the plaintiffs listed "Arkansas-Best Freight Systems, Inc." as the defendant. The actual name of the company is ABF Freight System, Inc
 
 
 [3]
 Compare the case of Sugar v. Traub, 233 Md. 320, 196 A.2d 869 (1964), in which the court affirmed a finding of contributory negligence as a matter of law where the plaintiff slipped on water that had escaped from a heater which the defendant was "bleeding." The court found that the plaintiff knew from past experience that the defendant had the habit of "bleeding" the radiator and that this procedure caused water to gather on the floor of the room. The court stated:
 [C]ontributory negligence arises from the failure of the plaintiff to use due care to avoid dangers which he knows from past experience exist on the premises to which he has been invited, or which he should know exist because of his knowledge of the character and kind of premises to which he has been invited, or because the dangers are so obvious that any ordinarily prudent man would see them and guard against them.
 Id. at 323, 196 A.2d at 870 (quoting Texas Co., Inc. v. Washington, B. & A. Electric Railroad Co., 147 Md. 167, 174, 127 A. 752, 755 (1925)); see also McManamon v. High's Dairy Products Corp., 230 Md. 370, 187 A.2d 318 (1963) (affirming the trial court's grant of a directed verdict to the defendant, finding that a woman was contributorily negligent when she fell on a floor that she knew was wet); Sutton v. Mayor & City Council of Baltimore, 214 Md. 581, 136 A.2d 383 (1957) (affirming the district court's grant of judgment n.o.v. in favor of the defendant on the basis of contributory negligence, where the plaintiff was injured on a sidewalk which he knew was defective); Myerberg v. Thomas, 13 Md.App. 539, 284 A.2d 29 (1971) (affirming the district court's grant of a directed verdict in favor of the defendant on the basis of contributory negligence, where the plaintiff remained in the middle of a road for several minutes tending to an injured animal and was hit by a truck).
 
 
 [4]
 The wife's claim of loss of consortium, of course, also did not succeed, since the husband's success in establishing a claim was a necessary condition thereof