**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TRACY A. CORDER,
Plaintiff-Appellant,

v.

No. 96-1748

CHALET SUSSE INTERNATIONAL,
INCORPORATED, t/a Susse Chalet
Motor Lodge,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
J. Frederick Motz, Chief District Judge.
(CA-95-2020-JFM)

Argued: June 4, 1997

Decided: July 11, 1997

Before WILKINSON, Chief Judge, and WILKINS and
HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gary Ross Alexander, ALEXANDER & CLEAVER,
P.A., Fort Washington, Maryland, for Appellant. Heather Jean Kelly,
MCCARTHY, BACON & COSTELLO, Lanham, Maryland, for
Appellee. **ON BRIEF:** Thomas W. Kinnane, ALEXANDER &
CLEAVER, P.A., Fort Washington, Maryland, for Appellant. Kevin

J. McCarthy, MCCARTHY, BACON & COSTELLO, Lanham, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tracy A. Corder appeals an order of the district court granting summary judgment to Chalet Susse International, Incorporated (Chalet Susse) in Corder's diversity action seeking to recover damages for injuries he received when he dove into a motel swimming pool. Corder contends that the evidence he presented was sufficient to raise a genuine issue of material fact concerning whether he was contributorily negligent, whether he assumed the risk of his injuries, and whether Chalet Susse had the last clear chance to avoid the accident. We affirm.

I.

Viewed in the light most favorable to Corder, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986), the evidence presented demonstrates the following. In the late evening of July 1, 1994, Corder attended a party where he met Pablo Silva. Silva invited Corder and others to swim in the pool at the motel where he was employed as a lifeguard by Chalet Susse. Prior to leaving the party, Corder consumed four twelve-ounce glasses of beer. Corder, Silva, and a few friends arrived at the motel after 12:00 a.m. and entered the motel lobby carrying a case of beer. Although the desk clerk smelled alcohol on Silva, she gave him a key to the locked pool area.

2

Upon entering the pool area, Corder began jumping from the side of the pool into water that was over his head; the depth of the pool ranged from three to six feet. He then proceeded to climb a five-foot lifeguard stand and jump, feet first, into the deep end of the pool. Eventually, rather than jumping into the deep end of the pool, Corder jumped, feet first, toward the shallow end of the pool. His feet absorbed the shock of the jump, and when he stood up, he realized that the water was only chest deep. Immediately following this jump, Corder attempted a flip from the lifeguard stand into the shallow end where he had moments before determined the water to be only chest deep. Corder testified that he was unable to "get[his] body to tuck way [he] wanted it to" and that he struck his head on the bottom of the pool. J.A. 76. As a result of the accident, Corder sustained paralyzing injuries.

Corder subsequently initiated this action alleging that Chalet Susse had negligently permitted him to swim in its pool and that his injuries were a proximate result thereof. Further, he maintained that even if he was contributorily negligent, Chalet Susse's lifeguard Silva had had the last clear chance to avoid the accident by warning Corder of the danger.

Finding no genuine dispute of material fact, the district court granted summary judgment in favor of Chalet Susse on the alternate grounds that Corder was contributorily negligent, and that he had assumed the risk of injury, in attempting to flip from the lifeguard stand into water he knew from his previous jumps to be shallow. See Fed. R. Civ. P. 56(b). Further, the district court determined that because Silva's failure to warn Corder, at most, was concurrent with Corder's own negligence, the doctrine of last clear chance was inapplicable. Corder appeals.

II.

Summary judgment is proper if, viewed in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Ross v. Communications Satellite Corp., 759

3

F.2d 355, 364 (4th Cir. 1985). The nonmoving party is entitled to the most favorable inferences that may reasonably be drawn from the forecasted evidence, Ross, 759 F.2d at 364, but it "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another," Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). The essence of the inquiry the court must make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. "[I]f the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party," summary judgment should be granted. Id. at 248. We review de novo the decision of the district court to grant summary judgment. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).

Under Maryland law, one is contributorily negligent as a matter of law when the evidence shows "some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds." Rooney v. Statewide Plumbing & Heating--Gen. Contractors, Inc., 290 A.2d 496, 499 (Md. 1972). Assumption of the risk of injury occurs when one knows of and appreciates a risk and voluntarily chooses to encounter it. See Hooper v. Mougin, 284 A.2d 236, 238 (Md. 1971). Here, Corder testified that he knew the water was shallow yet he chose to flip from the lifeguard stand anyway. Accordingly, the district court correctly determined that Corder was contributorily negligent and assumed the risk of his actions.

The doctrine of last clear chance may not be applied unless "the defendant [gained] a fresh opportunity to avert the consequences of his original negligence and the plaintiff's contributory negligence." Meldrum v. Kellam Distrib. Co., 128 A.2d 400, 404 (Md. 1957) (internal quotation marks omitted). And, the doctrine cannot be invoked when the plaintiff commits the final negligent act or the plaintiff's negligence is concurrent with that of the defendant. See id. Because Corder was negligent in attempting to dive into shallow water from a five-foot lifeguard stand, at a minimum his negligent act was concurrent with Silva's failure to warn him that jumping from the stand was dangerous. Therefore, the district court properly refused to apply the doctrine of last clear chance.

4

III.

Because the evidence, viewed in the light most favorable to Corder, demonstrates that Chalet Susse is entitled to judgment as a matter of law, we affirm the decision of the district court.

AFFIRMED

5