**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JACQUELINE M. SZADKOWSKI; JOSEPH
E. SZADKOWSKI,
<u>Plaintiffs-Appellants,</u>

v.                                                                  No. 96-2353

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-93-4176-PJM)

Submitted: February 27, 1998

Decided: March 17, 1998

Before HAMILTON and WILLIAMS, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Frederic W. Schwartz, Jr., Washington, D.C., for Appellants. Robert
L. Polk, Robert J. Kniaz, Gerard J. Stief, WASHINGTON METRO-
POLITAN AREA TRANSIT AUTHORITY, Washington, D.C., for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jacqueline M. Szadkowski and Joseph E. Szadkowski appeal the district court's entry of judgment as a matter of law in favor of the Washington Metropolitan Area Transit Authority ("WMATA"). In their complaint, Appellants asserted claims of negligence and loss of consortium and sought to recover damages for injuries Jacqueline Szadkowski sustained when she fell into a drainage ditch while en route to a WMATA subway station. The district court found that as a matter of law, WMATA was shielded by absolute immunity and that Mrs. Szadkowski was contributorily negligent. Finding no reversible error, we affirm.

While en route to WMATA's Twinbrook Metro station, Mrs. Szadkowski initially walked on the paved sidewalk that led directly to the east entrance of the station. Instead of remaining on the sidewalk, Mrs. Szadkowski crossed a church parking lot adjacent to the subway station. Mrs. Szadkowski walked to the edge of the lot, expecting to see a sidewalk or path leading to the station. She stepped onto the grass and realized there was no paved sidewalk or worn path there. When she tried to step back, she slid into a drainage ditch below, seriously injuring her right leg and ankle. Mrs. Szadkowski testified that she thought some sort of path led from the parking lot to the subway station because she had seen other pedestrians who were also going to the station walk across the same parking lot. There was, in fact, a worn path from the parking lot to the subway station approximately twenty feet from where Mrs. Szadkowski fell. Mrs. Szadkowski asserted that WMATA was negligent because there was no fence or sign warning pedestrians of the drainage ditch.

At the conclusion of Mrs. Szadkowski's testimony, WMATA moved for judgment as a matter of law.**1**  In its motion, WMATA

_____

**1** <u>See</u> Fed. R. Civ. P. 50(a)(1).

2

asserted that as an interstate compact agency and an instrumentality of Virginia, Maryland, and the District of Columbia, which was created to provide a regional system of transportation for the Washington, D.C., metropolitan area, it was immune from suit for claims asserting design defects.**2** WMATA also asserted that it was entitled to judgment as a matter of law because Mrs. Szadkowski either was contributorily negligent or assumed the risk of injury.

Finding that WMATA was immune from suit concerning design defects of the station or access thereto, the district court stated that the only viable theory of liability would be for Mrs. Szadkowski to establish that WMATA negligently maintained the pedestrian path that led from the church's parking lot to the station. However, Mrs. Szadkowski was not on the path when she fell, and the court found that WMATA's duty to properly maintain the path did not extend twenty feet to the point where she fell. The district court also found that although Mrs. Szadkowski did not actively, intentionally undertake a known risk by stepping onto the grassy area, she was not sufficiently careful in looking where she was going. Accordingly, though the district court declined to find that Mrs. Szadkowski assumed the risk of her injuries, it did conclude that she was contributorily negligent as a matter of law.

If during a jury trial, a party has put on evidence and yet demonstrated no legally sufficient evidentiary basis for a reasonable jury to find in her favor, the court may grant a motion for judgment as a matter of law or direct the verdict against that party. **3** The question is not whether there is no evidence, but whether there is sufficient evidence upon which a jury properly can proceed to reach a verdict; a mere scintilla of evidence is not enough to defeat a motion for judgment as a matter of law.**4** The plaintiff must present sufficient evidence to establish a prima facie case. Unless there is substantial evidence to

_____

**2** **See** Md. Code Ann., Transportation § 10-204(2), (4) (1993) ("Compact").
**3** **See** Fed. R. Civ. P. 50(a).

**4** **See Gairola v. Virginia Dep't of Gen. Servs.**, 753 F.2d 1281, 1285 (4th Cir. 1985).

3

support the verdict asked of the jury, the district court must grant judgment as a matter of law upon request.**5**

We review de novo those appeals challenging the district court's ruling on a motion for judgment as a matter of law. The test is whether, without weighing the evidence or considering the credibility of the witnesses, "there can be but one conclusion as to the verdict that reasonable jurors could have reached."**6** On appeal, we must resolve direct factual conflicts in favor of the nonmovant, assume as true all facts supporting the nonmovant which the evidence tended to prove, and give the nonmovant the benefit of all reasonable inferences.**7**

The Compact provides, in pertinent part: "[WMATA] shall be liable for its . . . torts . . . committed . . . in the conduct of any proprietary function . . . but shall not be liable for any torts occurring in the performance of a governmental function."**8** Appellants assert that WMATA was negligent for its failure to place a fence in front of the ditch or to warn pedestrians of the possibility of danger.**9** The issue of WMATA's immunity, therefore amounts to a question of whether its alleged acts of negligence are discretionary, governmental decisions, to which immunity attaches, or proprietary, ministerial execution of those decisions, for which the Compact waives immunity.**10**

Design is distinct from operation and maintenance. Whereas WMATA is not shielded by sovereign immunity for such ministerial functions as the operation and maintenance of its facilities, design decisions of transportation systems, including negligent design decisions, are entitled to immunity as involving a governmental function.**11**

_____

**5 Id.**
**6 Id.**
**7 Henson v. Falls**, 912 F.2d 977, 978-79 (8th Cir. 1990).
**8** Md. Code Ann., Transportation, § 10-204(80).
**9** Although disputed below, the district court assumed that the area where Mrs. Szadkowski fell was on WMATA property.
**10 See Souders v. Washington Metro. Area Transit Auth.**, 48 F.3d 546, 548-49 (D.C. Cir. 1995).
**11 See Dant v. District of Columbia**, 829 F.2d 69, 74-75 (D.C. Cir. 1987) (design of fare collection system).

4

WMATA's decision whether to post a warning sign or a fence is a design decision for which it is immune from suit. Further, because Appellants failed to present sufficient evidence that the injuries alleged were directly attributable to negligent maintenance and operation, rather than to negligent or faulty design, we conclude that the district court properly entered judgment as a matter of law in favor of WMATA.

The district court also found that Mrs. Szadkowski was contributorily negligent as a matter of law because she did not use sufficient caution in looking where she was going. Under Maryland law, contributory negligence, which is a complete bar to a plaintiff's recovery,[12] is "the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances."[13] Ordinarily, contributory negligence is a question for the jury.[14] The Maryland Court of Appeals has stated:

> In order to withdraw a case from the jury on the ground of contributory negligence, the evidence must show some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds.[15]

Assumption of the risk of injury occurs when one knows of and appreciates a risk and voluntarily chooses to encounter it.[16]

Here, Mrs. Szadkowski testified that she saw the ditch as she approached the edge of the parking lot and stepped onto the grassy area. She further testified that she slipped and fell as she tried to avoid

_____

[12] **See Harrison v. Montgomery County Bd. Of Educ.**, 456 A.2d 894, 898 (Md. 1983).

[13] **Potts v. Armour & Co.**, 39 A.2d 552, 556 (Md. 1944).
[14] **See Campbell v. Baltimore Gas & Elec. Co.**, 619 A.2d 213, 216 (Md. App. 1993).
[15] **Rooney v. Statewide Plumbing & Heating--Gen. Contractors, Inc.**, 290 A.2d 496, 499 (Md. 1972).
[16] See Hooper v. Mougin, 284 A.2d 236, 238 (Md. 1971).

the ditch. The evidence, viewed in the light most favorable to Appellants, demonstrates that although Mrs. Szadkowski was not on the established pedestrian path when she fell, she did not voluntarily encounter a known risk. However, the evidence also demonstrates that the proximate cause of Mrs. Szadkowski's injuries was her failure to watch where she was going. Therefore, we find the district court properly concluded that though Mrs. Szadkowski did not assume the risk of her injuries, she was contributorily negligent as a matter of law. Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6