## CRIDER *v.* DUVALL, ETC.

[No. 248, September Term, 1961.]

*Decided May 7, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Samuel Intrater* for apellant.

*Bruce N. Goldberg,* with whom were *Friedman & Goldberg* and *Sol Friedman* on the brief, for appellee.

PER CURIAM.

The appellant Crider, who was injured when he fell down the stairs as he was leaving a Christmas party given by his

employer, was awarded a verdict by a jury which was taken from him by the action of the trial court in granting judgment *n.o.v.* for the defendant, the employer's landlord. The appeal challenges the validity of the court's action.

Crider's employer had had a place of business on the second floor of a new building in Kensington under lease for a month or so when the Christmas party was given. Access was gained from the rear by four steps and from the front by a stairway of nineteen or more steps. Crider, an outside worker, was familiar with both entrances, having visited the company headquarters regularly once a day. He had gone up and down the front stairs at least once on the day of the accident.

Crider's claim of negligence is that the front stairs were unlighted save for light which emanated from the second floor premises of his employer when the door was open, and that there was no handrail. If we assume that the question of primary negligence was one for the trier of fact, Crider cannot prevail if he was guilty of contributory negligence as a matter of law. He argues that it was for the jury to decide (1) whether he was intoxicated to the point of staggering when he fell, as the defendant below claimed, or sober after four beers, as he says he was; and (2) whether his conduct in attempting to go down the stairs in total darkness, as he says he did, was reasonable under the circumstances. His version of the occurrence is that as he left the party, after having been there for hours, light streaming from the open door illuminated the stairway, and that as he went through the door, either he closed it or "someone else pushed it shut." When the door closed, he says it was pitch black and he could not see anything. Despite this, Crider testified that he then "took about two steps and reached over to where the handrail should have been and I missed the wall and lost my balance." It did not occur to him, he says, to reopen the door before he moved.

If it be assumed that Crider's testimony that he was sober was accurate, we think reasonable minds would unite in believing that he inexcusably brought harm on himself by failing to act as a man of ordinary prudence and caution would have acted under the circumstances. All he needed to do to be safe was to reopen the door, leave it open (which, as he

concedes, would have afforded ample light) and go down the steps. Instead, he chose to step out and grope in utter darkness when there was no need to do so. This, we hold, was contributory negligence as a matter of law. *Tyler v. Martin's Dairy, Inc.,* 227 Md. 189. See also *Hyde v. Blumenthal,* 136 Md. 445; *Jackson v. Hines,* 137 Md. 621; and 1 *Shearman & Redfield on Negligence* (Rev. ed.), Sec. 131.

*Judgment affirmed, with costs.*