McMANAMON ᴇᴛ ᴠɪʀ. *v.* HIGH'S DAIRY PRODUCTS CORPORATION

[No. 113, September Term, 1962.]

*Decided January 16, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*William F. Hickey* for appellants.
The Court declined to hear argument for the appellee.

*Vance V. Vaughan* on the brief for the appellee.

PER CURIAM.

A housewife (who slipped and fell on a damp floor in a milk store) and her husband appeal from a judgment for costs against them, following a directed verdict at the conclusion of their testimony in their suit against the store owner.

The wife testified that she entered the store, put an empty milk bottle she was carrying on a stand near the door and then noticed that the floor in front of the door of the refriger-

ator containing the milk on sale was damp. She walked slowly towards the refrigerator door because she was pregnant, opened the door, got out a bottle of milk, turned around, took one step and, when she "went to take the next one," fell down. She had on flat shoes with rubber heels.

We assume, without deciding, that the store owner was negligent in failing to dry the floor because we find the appellant to have been negligent as a matter of law. *Chalmers v. Great Atlantic & Pacific Tea Co.,* 172 Md. 552; *Cf. Rawls v. Hochschild, Kohn & Co.,* 207 Md. 113; *Morrison v. Suburban Trust Co.,* 213 Md. 64. Her own version of the happening reveals an awareness of the dangers of walking on the damp floor in her condition. There were two clerks in the store if she had desired to call them for service. Yet she chose to walk on the treacherous surface in order to wait on herself and, in so doing, became the author of her own misfortune. In such case she cannot charge another with her damages, and the trial judge did not err in directing a verdict for the store owner. *Sutton v. Mayor & City Council,* 214 Md. 581; *Evans v. Hot Shoppes,* 223 Md. 235; *Tyler v. Martin's Dairy, Inc.,* 227 Md. 189. Compare *Sanders v. Williams,* 209 Md. 149, 152: "* * * one measure of contributory negligence is the need, in a given situation, to anticipate danger. Presence or absence of reasonable foresight is an essential part of the concept. One is charged with notice of what a reasonably and ordinarily prudent person would have foreseen and so must foresee what common experience tells may, in all likelihood, occur, and to anticipate and guard against what usually happens." Compare also *Velte v. Nichols,* 211 Md. 353, a case of assumption of risk, which in Maryland is often difficult to distinguish from contributory negligence, as *Schleisner Co. v. Birchett,* 202 Md. 360, points out.

*Judgment affirmed, with costs.*