## CRAIG *v.* GREENBELT CONSUMER SERVICES, INC.

[No. 395, September Term, 1965.]

*Decided October 11, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

*Earl H. Davis* for appellant.

*Leonard L. Lipshultz,* with whom were *Friedman & Lipshultz* and *Sol Friedman* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

On this appeal the question involved is whether the trial judge, in a tort action before a jury in the Circuit Court for Prince George's County, was correct in granting the defendant-appellee's motion for a directed verdict at the close of all of the evidence.

On November 7, 1965, the plaintiff-appellant, a regular patron, entered defendant's store between 5:30 and 6:00 p.m. for the purpose of making a purchase. After making her selection, she slipped and fell while walking toward the check-out counter. As a result of her fall she sustained a fractured sacrum and other injuries. Prior to her fall, a half-gallon carton of milk had been dropped on the floor in one of the aisles of the store. The milk was mopped up by a porter and a check-out clerk sprinkled ordinary wood sawdust over the wet area of the aisle. Before the clerk had completed the job of wiping up the sawdust, he returned to serve a customer at the check-out counter, but he had swept the sawdust into a two feet square pile next to a seldom used cash register. The aisle was covered with vinyl tile and was six to eight feet wide. Plaintiff was not warned, orally or by a sign, that there was sawdust and milk in one of the aisles, nevertheless, she saw the sawdust in the aisle but not the milk, yet knowingly walked into the pile of sawdust when she fell.

On cross-examination the plaintiff testified as follows:

"Q. Mrs. Craig, you saw the sawdust, didn't you? A. Sure I saw it. It was scattered far enough on the aisle.

Q. You knew it was slippery, didn't you? A. Well, not only me but anyone knows it is slippery.

Q. We are not talking about anyone. We are talking about you. A. Yes, I knew it was slippery.

\* \* \*

Q. You walked through it though, didn't you? A. Yes.

\* \* \*

Q. You just walked through what you knew to be sawdust on the floor? A. Yes."

Assuming without deciding that defendant was primarily negligent, we hold that the evidence demonstrated that the plaintiff was herself so markedly negligent that she could not, as a matter of law, recover damages.

"Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause co-operating with the negligence of the defendant in bringing about the plaintiff's harm."

Restatement (Second), *Torts,* Section 463; see also Prosser, *Torts,* Section 64, p. 427 (3d ed. 1964).

In measuring contributory negligence the standard of care imposed upon a person for his own protection is that of a reasonable man under like circumstances, *Sanders v. Williams,* 209 Md. 149, 120 A. 2d 397, and the reasonable man's conduct is to be judged in the light of all the relevant knowledge which the person actually then had. Cf. *McManamon v. High's Corp.,* 230 Md. 370, 187 A. 2d 318; 2 Harper and James, *Torts,* Section 16.5, p. 908 (1956). In other words, the plaintiff's conduct must be measured by the standard of a reasonably prudent man who saw the sawdust and knew it to be slippery. Plaintiff testified that she saw the sawdust in the aisle and that she knew it to be slippery, yet she, without hesitating to plan her course,

intentionally walked into the sawdust when she had a reasonable alternative of walking on the section of the aisle which was clear. She failed to exercise the care of a reasonably prudent person under the circumstances of this case. *Eyler v. Adolph Beauty System,* 238 Md. 227, 208 A. 2d 609; *McManamon v. High's Corp., supra.* "* * * [A] party cannot walk upon an obstruction which has been made by the fault of another and avail himself of it, if he did not himself use common and ordinary caution." *Sutton v. Baltimore,* 214 Md. 581, 584, 136 A. 2d 383.

*Judgment affirmed, with costs.*