THE TIE BAR, INC., ET AL. *v.* SHARTZER

[No. 218, September Term, 1967.]

*Decided May 9, 1968.*

The cause was argued before HAMMOND, C. J., and HORNEY, MCWILLIAMS, FINAN and SINGLEY, JJ.

*Robert C. Heeney,* with whom were *Heeney, McAuliffe & McAuliffe* on the brief, for appellants.

*Josiah Lyman* for the appellee.

HORNEY, J., delivered the opinion of the Court.

The question presented by this appeal is whether the trial court should have directed a verdict in favor of a shopkeeper on the ground that a business invitee injured on the premises was contributorily negligent as a matter of law.

At an early morning hour on the next to the last day in January of 1963, Howard Shartzer, a painter employed by an interior decorating company, was injured by a fall down the basement steps as he and his son were preparing to paint the interior of a tie shop located in the Wheaton Plaza Shopping Center pursuant to arrangements made the previous day with Alvin Silverman, the owner of the Embassy Father and Son Shop (located in the same shopping center) and manager (as well as a stockholder) of The Tie Bar, Inc.

The shopkeeper had told the painter that he would meet him at about 7:30 the next morning, go with him to the tie shop and show him what was to be done, but the shopkeeper, who did not then have time to accompany the painter, gave him the shop key and, after telling him which walls were to be painted, informed him that he would have to go into the back room of the shop to turn on the lights because all lighting was controlled by the circuit breaker panel which was located there.

The painter and his son arrived at the tie shop around 7:45. The shop, except for a dim light from the show windows in front, was dark. Upon entering, the father proceeded to the back room, as instructed, to turn on the lights. As he opened the door which swung inwardly and stepped inside, he experienced a feeling of "walking on air" and tumbled down the basement stairway. After his son had helped him up the steps, the father lay down in the store to wait for his wife to take him to a doctor. There was a landing between the partition wall and the stairway which was only thirty inches wide. While he was lying on the floor, the lady in charge of the shop came in to open up the store for business and (according to the evidence given by the injured person at the trial) she exclaimed: "Oh, my goodness, I knew that was going to happen sooner or later. I told Mr. Silverman he should keep a light burning there."

The injured painter sued The Tie Bar for damages and joined the shop manager as well as the Embassy Father and Son Shop as defendants.

At the trial of the case, the plaintiff-appellee testified in greater detail as to the facts summarized above. When he was asked on cross-examination whether he had seen a light switch beside the door leading to the rear room, he replied that he had not; that it was dark inside the shop but that he might have been able to see it if he had been looking for one; but that he was not looking for a switch because the shop manager had told him that all lights in the shop were controlled from the panel in the back room.

When the son (Howard Shartzer Junior) was called as a witness, he not only corroborated the testimony of his father by describing the events leading up to the accident, but stated that when he heard the commotion in the back room he went to the door and lit a match to see what had happened, that he then went into the room and after lighting more matches found the circuit breaker panel and pushed the buttons and all the lights in the store went on including the light over the stairway.

The store manager (a defendant-appellant), who was called as an adverse witness by the plaintiff-appellee, testified that there was a light switch alongside of the door leading to the back room which could be turned on at any time irrespective of the circuit breaker. He further testified (when called in his own behalf) that he had gone to the tie shop himself that morning and turned on the lights.

At the close of the evidence offered by the plaintiff a motion for a directed verdict in favor of the Embassy Father and Son Shop was granted, but was denied as to the other defendants-appellants.

After all of the evidence was in, the trial court submitted the issues of negligence and contributory negligence to the jury which found for the plaintiff-appellee as to both questions. The defendants-appellants do not contest the finding of primary negligence but contend that the plaintiff-appellee was contributorily negligent as a matter of law. We think the issue as to this was properly submitted to the jury. The contention is that the plaintiff-appellee, having called the store manager as an adverse witness, is bound by his testimony to the effect that the manager opened the shop and turned on the lights himself. It is clear that one who calls a witness, even though he may

not directly attack his credibility, may prove the truth of the material facts by other evidence and the resulting conflict is a question for the jury to decide. *Proctor Electric Co. v. Zink,* 217 Md. 22, 33, 141 A. 2d 721, 726 (1958).

The defendants-appellants, citing such cases as *Hyde v. Blumenthal,* 136 Md. 445, 110 Atl. 862 (1920), *Jackson v. Hines,* 137 Md. 621, 113 Atl. 129 (1921) ; *Sutton v. M. & C. C. of Baltimore,* 214 Md. 581, 136 A. 2d 383 (1957) ; *Tyler v. Martin's Dairy,* 227 Md. 189, 175 A. 2d 587 (1961) and *Crider v. Duvall,* 228 Md. 513, 180 A. 2d 693 (1962), insist that even after the facts most favorable to the plaintiff-appellee are given due consideration, he was none the less negligent in walking into a dark room. We do not agree.

The general rule is that the keeper of a shop or other place of business, to which customers or other persons are invited, is bound to exercise due care to maintain the premises in a reasonably safe condition and to give adequate warning of latent or concealed perils : otherwise he will be liable for injuries sustained as a consequence of the failure to do so. *Burkert v. Smith,* 201 Md. 452, 456, 94 A. 2d 460 (1953) ; *Texas Co. v. W. B. & A. R. Co.,* 147 Md. 167, 173, 127 Atl. 752, 754 (1925). The basis of liability is the presumed superior knowledge of the dangerous condition, *Ludloff v. Hanson,* 220 Md. 218, 224, 151 A. 2d 753, 755 (1959), but if the injured person knew or should have known of the dangerous situation there is no right of recovery. *Finzel v. Mazzarella,* 248 Md. 227, 230, 235 A. 2d 726, 728 (1967).

Since the obviousness of a danger is a factor in determining the duty of an owner or occupant to safeguard or forewarn against it, it is difficult sometimes to tell whether decisions denying recovery are based on a lack of primary negligence or the presence of contributory negligence. Our predecessors recognized this fact in *Texas Co. v. W. B. & A. R. Co., supra,* where it is stated, at p. 174, that the real basis is contributory negligence which—

> "arises from the failure of the plaintiff to use due care to avoid dangers which he knows from past experience exist on the premises to which he has been invited, or which he should know exist because of his knowledge

> of the character and kind of premises to which he has been invited, or because the dangers are so obvious that any ordinarily prudent man would see them and guard against them."

But this was not the situation here for the plaintiff-appellee, never having been there before, was not familiar with the premises. Although one measure of contributory negligence is the need to anticipate danger in a given situation, *Sanders v. Williams,* 209 Md. 149, 152, 120 A. 2d 397, 398 (1956), the invitee Shartzer had a right to assume that the invitor Silverman would warn him of existing unsafe conditions. *Rawls v. Hochschild, Kohn & Co.,* 207 Md. 113, 117, 113 A. 2d 405, 407 (1955).

Silverman told Shartzer to go into the store, told him there was only one place the lights could be turned on and told him where that place was, but neglected to tell him of the dangerous condition which existed along the way. *Cf. Virginia Dare Stores v. Schuman,* 175 Md. 287, 1 A. 2d 897 (1938), in which it was held that the contributory negligence of the employee of a window cleaning company who stood on a strip of molding in a store in reliance on representations by the store manager that the molding was safe was a question for the jury.

The cases cited by the defendants-appellants are distinguishable in that the injured persons therein knew or should have known of the dangerous conditions because of familiarity with the premises. They contend that the plaintiff-appellee was negligent in failing to notice the light switch beside the door before he opened it or in failing to light a match to provide illumination after opening the door, but this ignores the fact that he was following the instructions given him by the manager of the store.

As more than one inference can be drawn from the facts in this case as to the care or lack of care of the plaintiff-appellee, we hold that the issue was properly submitted to the jury. See *Hutzler Bros. v. Taylor,* 247 Md. 228, 230 A. 2d 663 (1967) ; *Burkert v. Smith, supra; Morgenstern v. Sheer,* 145 Md. 208, 125 Atl. 790 (1924).

> *Judgment affirmed; costs to be paid by appellants.*