## SUITLAND MANOR OWNER'S ASSOCIATION, INC. *v.* CADLE

[No. 230, September Term, 1969.]

*Decided March 6, 1970.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Marvin B. Miller*, with whom were *Couch, Blackwell & Miller* on the brief, for appellant.

*Andrew E. Greenwald*, with whom were *Karl G. Feissner, William L. Kaplan, Thomas P. Smith, Fred R. Joseph* and *Feissner, Kaplan & Smith* on the brief, for appellee.

McWILLIAMS, J., delivered the opinion of the Court.

The appellee (Mrs. Cadle) fell down and for the hurt she suffered a Prince George's County jury awarded her $12,500. The appellant (Suitland) urges us to conclude, after a review of the record, either that the evidence of primary negligence was insufficient to justify the submission of the case to the jury or that, as a matter of law, the evidence shows Mrs. Cadle to have been contributorily negligent. We shall do neither.

Mrs. Cadle, a tenant of Suitland, had expressed an interest in another apartment. The manager loaned her the key so she could inspect it at her convenience. On 10 September 1966 she left her place of employment shortly after five o'clock. It had rained heavily during the afternoon and, she said, it was still raining. She went directly to her apartment and waited for her husband, from whom she was separated, to call for her. They intended to dine together. They stopped at Suitland's rental office so she could return the key. She walked across a grass strip, crossed the sidewalk and went down a set of concrete steps to the concrete landing just outside the door to the rental office which was open. As she went in she saw the janitor with a mop but at that instant she slipped and fell on the wet asphalt tile floor.

There was evidence that the drain outside the door was so small that "it couldn't handle the overflow" in a heavy rain and that the water "just came through the

door." Mrs. Bouvier, who had been the manager for about 18 months, testified the water usually came in whenever it rained heavily and that tenants had asked "when are you going to get it fixed." There was evidence from which a jury could find that this condition had existed for more than 20 years.

The trial judge, Bowen, J., instructed the jury fully, at length, and apparently to the satisfaction of counsel. The jury deliberated for about three hours and, as we have said, they brought in a verdict for Mrs. Cadle and assessed her damages at $12,500. Suitland moved for a judgment N.O.V. and for a new trial. In overruling the motion Judge Bowen remarked that "[i]f this case had been tried" before him, without a jury, he "would not have reached the same conclusion the jury reached." But he added "there was substantial evidence in the record from which they [the jury] could conclude the way they did. They simply elected to draw a different set of inferences and to place the weight in different places in the testimony than the court would have, had the case been tried before the court without a jury." He thought "the case was fully * * * and fairly tried to the jury."

In our review of the record, which has been both careful and painstaking, we have not found anything which would justify our setting aside the judgment of the court below. Nor do we think any of the cases cited by Suitland provide any support for its contentions. It attaches great significance to *Craig v. Greenbelt Consumer Services, Inc.*, 244 Md. 95 (1966), but there is a conspicuous distinction between that case and the case at bar. Mrs. Craig had a choice of two routes, one safe, which she rejected, and the other slippery, which she chose knowing it was slippery. Since we think Judge Bowen had it just about right, the judgment below will be affirmed.

*Judgment affirmed.*
*Costs to be paid by appellant.*