473 A.2d 479

Charles F. PFAFF, et ux.

v.

YACHT BASIN CO., INC.

No. 739, Sept. Term, 1983.

Court of Special Appeals of Maryland.

April 6, 1984.

---

**350**

William D. Fletcher, Jr., Dover, Del., with whom were Harold Schmittinger, Schmittinger & Rodriquez, P.A., Dover, Del., James C. Hubbard and Nier, Jarrell & Hubbard, Denton, on the brief, for appellants.

Steven R. Migdal, Annapolis, with whom were Manis, Wilkinson, Snider & Goldsborough, Chartered, Annapolis, on the brief, for appellee.

Argued before GILBERT, C.J., and LISS and BISHOP, JJ.

LISS, Judge.

On November 27, 1981, Charles F. Pfaff and his wife, Constance Pfaff, the appellants herein, filed a declaration in the Circuit Court for Anne Arundel County alleging that the appellee, Yacht Basin Co., Inc., as the owner of a parking lot, breached its duty of care owed to the appellants as business invitees on its premises. The appellants' suit alleged negligence by the appellee in failing to maintain its premises in a reasonably safe manner by allowing a dangerous condition to exist on the premises and in failing to take reasonable care to protect the appellants from that dangerous condition. The suit sought to recover damages for personal injuries sustained by appellant Charles Pfaff and for loss of consortium.

Appellee generally denied any negligence on its part and asserted that the appellants are barred from any recovery on the basis of Charles Pfaff's alleged assumption of the risk and contributory negligence. After discovery was initiated

by the parties, the trial court scheduled this case for trial beginning on March 23, 1983. Subsequent to this notice of trial date, the appellee, pursuant to Maryland Rule 610, filed a motion for summary judgment. Appellants then filed a pleading in opposition to the motion. Oral argument was held on the motion on March 18, 1983. By order dated March 22, 1983, the trial judge granted the appellee's motion for summary judgment finding as a matter of law that Charles Pfaff had been guilty of contributor negligence which was a proximate cause of his personal injuries.

Appellant then noted this appeal, asking us to consider whether the trial court erred in granting the appellee's motion for summary judgment.

On November 19, 1979, appellant, Charles F. Pfaff, and his wife were business invitees of the appellee as a result of the payment of a stipulated parking fee which entitled them to park their pickup truck on the appellee's parking lot located in Annapolis, Maryland. Mr. Pfaff had driven the truck into the parking lot and had backed into a parking space on the upper tier of that lot. There was no guardrail or other barrier separating the two tiers of the parking lot at this location, although there were bumper guards to prevent cars from driving off the upper level as well as a curb to prevent people from walking over the edge.

Appellant testified that once he parked his truck and exited the vehicle, he observed all of the conditions in existence at the time since the accident happened in broad daylight. He went directly to the back of the truck, raised the top and dropped the tailgate in order to retrieve his luggage. As the tailgate lowered, he could no longer stand in back of the truck because the tailgate added approximately eighteen inches more to the length of the truck and was hanging over the edge of the parking lot's upper tier. Appellant moved to the side of the vehicle as the tailgate dropped and in order to get his luggage, had to climb into the vehicle from the side rather than from the rear. Once inside the truck, appellant grabbed a bag and was pulling it

out of the truck as he crawled on his hands and knees backwards. By his own admission appellant states that he fell simply because he forgot the tailgate was hanging over the edge of the parking lot and because he did not exit from the side of the vehicle as he had entered.

Appellant's wife, the only eyewitness to the occurrence, testified, as did her husband, that the accident occurred as he was backing out of the vehicle on all fours with a heavy suitcase in his hand.

Appellant correctly urges that ordinarily in a tort action it is neither advisable nor practicable for the trial court to dispose of such a case by the entry of summary judgment. *Driver v. Potomac Electric Power Co.,* 247 Md. 75, 230 A.2d 321 (1967). He further contends that it has been well established in this State that it is not ordinarily the function of the trial judge to try a case on motion for summary judgment. *Lipscomb v. Hess,* 255 Md. 109, 257 A.2d 178 (1969). Additionally, the appellant argues that he is entitled to have the facts viewed in the light most favorable to him and where the facts are susceptible of more than one permissible inference the choice should be submitted to the trier of fact. *Fenwick Motor Company v. Fenwick,* 258 Md. 134, 265 A.2d 256 (1970).

Appellee initially contended in its motion for summary judgment that its parking lot as laid out and operated did not amount to a dangerous condition and did not expose business invitees to any unreasonable risk of harm. That contention was rejected out of hand by the judge when he found that "[t]he situation appears a totally dangerous one that, in the proper case could justify an award." This narrowed the issue to the question of whether contributory negligence or assumption of risk existed as a matter of law.

It is conceded that the inferences to be drawn from the underlying facts when a motion for summary judgment is being considered must be viewed in the light most favorable to the party opposing the motion, regardless of whether it is unlikely that that party will prevail at trial. *Merchants*

*Mortgage Company v. Lubow,* 275 Md. 208, 339 A.2d 664 (1975).

Although the trial court rejected the appellee's contention that there was no evidence of negligence on its part it concluded that the appellant was guilty of contributory negligence as a matter of law and granted appellee's motion for summary judgment on that basis. That conclusion was based on the plaintiff's testimony that he saw the dangerous condition when he climbed into the side of the enclosed cab of his vehicle "on all fours" and shortly thereafter forgot the dangerous condition as he was backing out of the rear of the vehicle, dragging his heavy luggage in his hands.

Appellants contend that this factual conclusion ignored the applicable law of Maryland. They cite in support of that contention the case of *Maryland State Fair and Agricultural Society, Inc. v. Lee,* 29 Md.App. 374, 348 A.2d 44 (1975). In that case a 24-year-old horse rider and trainer, with eight years' experience, was thrown from a horse on the defendant's premises and died. The plaintiff in the case contended that the deceased was thrown from the horse due to the negligent maintenance of the race track area by the defendant and that the defendant negligently permitted certain hazardous conditions to exist on its premises, which caused the horse to become uncontrollable.

The defendant moved for a directed verdict, contending that the deceased was contributorily negligent as a matter of law. The defendant argued that the conditions were open and obvious and fully known to the decedent who nevertheless chose to use the premises with full knowledge of these conditions, and that the deceased was contributorily negligent or had assumed the risk as a matter of law. This Court found that the record indicated that the deceased did have knowledge of at least three of the allegedly negligent conditions which contributed to her losing control of the horse she was riding. Notwithstanding these facts, we specifically rejected the contentions of the defendant and

held that it was a matter for the jury to determine, and noted that:

> Even if [the deceased] knew of and appreciated the risks inherent in the allegedly negligent conditions, the jury was entitled to find that she acted reasonably under the circumstances and therefore was entitled to recover.

In certain situations, an invitee will not be barred from recovery, despite his comprehension of the dangerous conditions presented, unless he acted unreasonably under the circumstances. As expressed in Restatement of Torts (2d) § 343A(1) (1965) (emphasis [deleted] ):

> "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

Comment (f) to that section provides (emphasis [deleted] ):

> "There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.
>
> "Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, . . . where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. . . . It is not, however, conclusive in determining the duty of the

possessor, or whether he has acted reasonably under the circumstances." [29 Md.App. at 381–82, 348 A.2d 44].

We have carefully considered the facts and discussion of the law in light of *Lee, supra,* and have concluded that it is distinguishable from the case at bar. In *Lee* we found that there were four negligent conditions and that the decedent had knowledge of three of them. We also found that there was a dispute as to whether the decedent had knowledge of the fourth negligent condition. We concluded that a jury could reasonably find that she had no prior knowledge of the additional alleged dangerous condition.

The test to be applied in determining whether an invitee realizes the risk involved in being exposed to dangerous conditions is "where it is clear that any person of normal intelligence in his position must have understood the danger, the issue must be decided by the Court." *Gibson v. Beaver,* 245 Md. 418, 421, 226 A.2d 273 (1967). Where an invitee knows of a dangerous condition and appreciates the risk involved, yet, nevertheless, voluntarily chooses to negotiate them, he will be barred from recovering for the risk he chose to assume. *Lloyd v. Bowles,* 260 Md. 568, 273 A.2d 193 (1971).

Appellee argues that the trial court was correct in granting its motion for summary judgment on either the basis of appellant's contributory negligence or on the basis of his assumption of the risk. Our reading of *Warner v. Markoe,* 171 Md. 351, 189 A. 260 (1937) indicates that so far as the result of this case is concerned the distinction between the two defenses is essentially a distinction with a minor difference. Contributory negligence as a defense implies negligence on the part of both plaintiff and defendant but does not relieve the defendant from his duty to use due care. It merely prevents the plaintiff from recovery by reason of his own negligence. Assumption of the risk, on the other hand, negates the issue of a defendant's negligence by the plaintiff's previous abandonment of his right to complain if

an accident occurs. *See Bull Steamship Lines v. Fisher, to Use of Globe Indem. Co.,* 196 Md. 519, 77 A.2d 142 (1950).

■ The appellant in the instant case came onto the parking lot in broad daylight, admitted that he saw the two-tiered arrangement and knew that there were no guard-rails, elected to back his vehicle to the edge of the platform in such a manner that when he lowered his tailgate it extended over the edge of the second tier of the lot so that he could not stand at the rear of the vehicle. He knew of the three or four-foot drop-off from the second to the first tier. That he knew of the danger of which he now complains was evidenced by the fact that instead of moving his vehicle forward a few feet so that he could gain access from the rear, he chose to climb into it from the side. Minutes later he chose to leave the vehicle from the rear, not looking in the direction he was moving, on all fours, dragging a heavy suitcase in complete disregard of the condition he now argues was a dangerous one. The only excuse offered for his unreasonable and reckless conduct was that he forgot the dangerous condition in the short interval from the time he entered the vehicle until the time he fell out of the rear of it.

We conclude that the appellant was, as a matter of law, contributorily negligent and assumed the risk for his actions. As this Court said in *Kirby v. Hylton,* 51 Md.App. 365, 378, 443 A.2d 640 (1982);

In order to justify a holding that the plaintiff was guilty of contributory negligence as a matter of law, "the evidence must show some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds." *Baltimore & O.R.R. v. Plews,* 262 Md. 442, 454 [278 A.2d 287] (1971).

As to assumption of the risk, we said in *Hylton, supra,* at 378, 443 A.2d 640:

[A] plaintiff is said to have assumed the risk of injury when, with full knowledge and understanding of an obvi-

ous danger, he voluntarily abandons his right to complain by exposing himself to that particular risk. [Citations omitted].

Assuming the truth of all the appellants' evidence and all inferences fairly deducible therefrom, we think that reasonable minds could not differ in concluding that appellant was contributorily negligent or that appellant knew the obvious dangers which his conduct subjected him to and therefore assumed the risk and its consequences.

JUDGMENT AFFIRMED, COSTS TO BE PAID BY APPELLANTS.