581 A.2d 472

Thomas Edward SCHROYER, et ux.

v.

Frances C. McNEAL.

No. 35, Sept. Term, 1990.

Court of Special Appeals of Maryland.

Nov. 5, 1990.

Gorman E. Getty, III (Hidey, Coyle, Getty & Monteleone, on the brief) Cumberland, for appellants.

William M. Rudd (Anderson, Rudd & Donahue, on the brief) Cumberland, for appellee.

Submitted before MOYLAN, ROSALYN B. BELL and KARWACKI, JJ.

ROSALYN B. BELL, Judge.

This case arises from a slip and fall incident that occurred on January 9, 1985 at the Grantsville Holiday Inn. A jury trial was held in the Circuit Court for Garrett County. The jury awarded Frances McNeal, appellee, $50,000 for injuries she sustained in the fall. Appellants, Thomas Schroyer and his wife, Patricia Schroyer, appeal, contending:

— the trial court erred in denying the Schroyers' motion for summary judgment; and

— the trial court erred when it denied the Schroyers' motion for judgment and motion for judgment notwithstanding the verdict or a new trial.

We disagree and affirm the judgment of the trial court. We explain.

## THE INCIDENT

On January 9, 1985, McNeal arrived at the Grantsville Holiday Inn at about 5:30 p.m. She was in the area for business meetings the next day. There was an accumulation of approximately four inches of sleet and ice on the ground when she arrived. McNeal parked her car in front of the hotel and went to the main lobby area to register. She noted that the area around the hotel's main entrance had been cleared of ice and snow. She also noted, however, that the parking lot had not been cleared.

McNeal requested a room closest to an exit so that she could transfer her paperwork more easily from the car to her room. She was assigned a room close to the west side entrance despite the fact that the hotel's protocol for inclement weather was not to assign rooms at the far end of the hall away from the lobby. Employees were also instructed to advise guests not to use the west entrance in inclement weather. McNeal, however, was not given such an instruction nor were any warnings not to use the entrance posted near the west side entrance.

After registering, McNeal drove her car from the main entrance to the west side and parked her car 10 to 15 feet from the entrance. She saw packed ice and snow around her car and noted it was slippery. She also noted that the sidewalk near the entrance was not shoveled.

McNeal began to unload her car. She took her cat out of the car and carefully crossed the ice and snow without mishap. After she opened her room and placed her cat inside, she returned to her car to retrieve the rest of her belongings. Before she reached her car, however, she slipped and fell, sustaining a broken ankle.

McNeal sued the Schroyers, Pasco Development Corporation (Pasco) and Holiday Inn Incorporated. Pasco constructed the hotel and its sole stockholders are the Schroyers. The Schroyers are franchisees of Holiday Inn and own and operate the hotel. Mr. Schroyer testified that he was responsible for the removal of snow and ice from the premises.

Prior to trial, the Schroyers, Pasco and Holiday Inn filed a motion for summary judgment. This motion was denied. At trial, the court granted a motion for judgment in favor of Pasco and Holiday Inn at the close of McNeal's case-in-chief. A motion for judgment in favor of the Schroyers was denied at both the close of McNeal's case-in-chief and at the close of all the evidence. The jury returned a verdict in favor of McNeal in the amount of $50,000. The Schroy-

ers filed a motion for judgment notwithstanding the verdict or a new trial, which was denied. This appeal followed.

## SUMMARY JUDGMENT

■ The Schroyers contend that the trial court erred in denying their motion for summary judgment. Summary judgment is not a substitute for trial, but a determination of whether any issue of fact requiring a trial exists. *Metropolitan Mortgage Fund v. Basiliko*, 288 Md. 25, 28, 415 A.2d 582 (1980). A court, however, possesses discretion to refuse to pass upon or affirmatively deny a motion for summary judgment in favor of a full trial on the merits, even though the technical requirements for summary judgment are met. *Basiliko*, 288 Md. at 28, 415 A.2d 582. We perceive no abuse of this discretion and therefore the Schroyers' contention is without merit.

## JUDGMENT NOTWITHSTANDING THE VERDICT

The Schroyers contend that the trial court erred in denying their motion for judgment notwithstanding the verdict or a new trial. In reviewing whether the court should have decided the question of the Schroyers' negligence or McNeal's contributory negligence as a matter of law, notwithstanding the jury's verdict, we must view the evidence and reasonable inferences to be drawn therefrom in the light most favorable to McNeal. *Menish v. Polinger Co.*, 277 Md. 553, 567, 356 A.2d 233 (1976).

### Primary Negligence

■ A landowner is subject to liability for harm caused by natural or artificial conditions on his land if

"(a) he knows or by the exercise of reasonable care could discover the condition, (b) he should expect that invitees will not discover the danger or will fail to protect themselves against it, (c) he invites entry upon the land without (1) making the condition safe, or (2) giving a warning."

*Honolulu Limited v. Cain,* 244 Md. 590, 596, 224 A.2d 433 (1966). Normally, there is no right of recovery if the injured person knew or should have known of the dangerous condition. *Tie Bar Inc. v. Shartzer,* 249 Md. 711, 715, 241 A.2d 582 (1968).

> "There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm."

*Pfaff v. Yacht Basin Co.,* 58 Md.App. 348, 354, 473 A.2d 479 (1984), quoting Restatement (Second) of Torts § 343A(1), comment (f) (1965).

 In the instant case, a natural condition, snow and ice, existed on the Schroyers' property. The hotel policy of assigning rooms close to the lobby and warning guests not to use side entrances in inclement weather recognizes that invitees may fail to protect themselves against dangerous conditions. Moreover, in the case at bar, the Schroyers failed to make the conditions surrounding the hotel safe or to warn McNeal of the dangerous condition at the west side entrance.

Viewing the evidence in the light most favorable to McNeal, we cannot say that the Schroyers were free of negligence as a matter of law.

### Contributory Negligence

 "Contributory negligence is the failure to observe ordinary care for one's own safety." *Menish,* 277 Md. at 559, 356 A.2d 233 (citations omitted). The standard of care imposed to protect oneself is that of a reasonable person under like circumstances, judged in the light of all the

relevant knowledge which the person actually had. *Craig v. Greenbelt Consumer Services,* 244 Md. 95, 97, 222 A.2d 836 (1966). What a reasonable person would do in any particular circumstance is usually controlled by the instinctive urge to protect oneself from harm. *Greer Lines Co. v. Roberts,* 216 Md. 69, 79, 139 A.2d 235 (1958). A reasonable person, however, is not a very cautious person and even if a person's actions turn out to be an error of judgment, there is no contributory negligence if a reasonable person would have made the same error. *Sanders v. Williams,* 209 Md. 149, 153, 120 A.2d 397 (1956).

In order to find a person contributorily negligent as a matter of law, "the evidence must show some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds." *Rooney v. Statewide Plumbing,* 265 Md. 559, 564, 290 A.2d 496 (1972).

A review of the case law on contributory negligence as a matter of law reveals a trend in the analysis of the appellate courts. Two questions are asked: 1) Did the plaintiff know of, or can the plaintiff be charged with knowledge of the dangerous condition? 2) If so, did the plaintiff act reasonably under the circumstances? More specifically, in "slip and fall" cases, the questions become: 1) Did the plaintiff see, or should the plaintiff have seen, what he or she fell on? 2) Did the plaintiff have a safer alternative to the actions he or she took?

In *Burkert v. Smith,* 201 Md. 452, 94 A.2d 460 (1953), the Court of Appeals held that the question of the contributory negligence of the plaintiff, who fell down a flight of stairs in a tavern, was a matter for the jury. *Burkert,* 201 Md. at 458, 94 A.2d 460. The stairs were located four to eight inches to the left of the entrance. *Burkert,* 201 Md. at 455, 94 A.2d 460. The plaintiff fell down the stairs when she stepped back from the door to allow another person to enter. The plaintiff had never been in the tavern before

and had not seen the stairway when she entered. *Burkert,* 201 Md. at 455, 94 A.2d 460. The Court noted that the plaintiff had no reason to know that a stairway would be placed so close to the door. *Burkert,* 201 Md. at 458, 94 A.2d 460. The Court stated this was "not a case of contributory negligence as a matter of law." *Burkert,* 201 Md. at 458, 94 A.2d 460.

In *Honolulu Limited,* the Court of Appeals held that the plaintiff, who slipped and fell on a patch of ice that formed because of water runoff from piles of plowed snow, could not be held contributorily negligent as a matter of law. *Honolulu Limited,* 244 Md. at 599, 224 A.2d 433. The Court found she had no reason to know of the danger. Thus, her exposure to the danger was both unintentional and completely reasonable under the circumstances. *Honolulu Limited,* 244 Md. at 599, 224 A.2d 433.

There are many other cases where the Court has held that there was no contributory negligence as a matter of law when the plaintiff did not know of the danger. *See, e.g., Menish,* 277 Md. 553, 356 A.2d 233 (a fine mist was falling, but there was no indication that it was freezing; plaintiff fell on ice that had formed on brick walkway; plaintiff never saw the ice); *Reiser v. Abramson,* 264 Md. 372, 286 A.2d 91 (1972) (plaintiff slipped on some water on the floor of the laundry room; the water was colorless and water is not always visible to the naked eye); *Tie Bar,* 249 Md. 711, 241 A.2d 582 (plaintiff, who was unfamiliar with the premises, fell down a flight of steps while following the owner's instructions to turn on the lights; plaintiff had no reason to know of the dangerous conditions); *Raff v. Acme Markets,* 247 Md. 591, 233 A.2d 786 (1967) (plaintiff could have assumed ramp was cleared at the same time as the sidewalk and that the snow cover was the result of local flurries; she had no reason to know the ramp was icy beneath the snow); *Gast, Inc. v. Kitchner,* 247 Md. 677, 234 A.2d 127 (1967) (plaintiff, while walking on a shoveled path along the side of a store, slipped and fell on a patch of ice that formed beneath a downspout; she did not see the ice

and ice is not always visible). In the instant case, McNeal knew that the parking lot and sidewalk had not been cleared. She also admitted that she knew ice and snow are slippery. Because McNeal knew of the dangerous condition, the question becomes whether she acted reasonably under the circumstances.

The Court of Appeals held that a plaintiff, who knew the floor was wet and slipped and fell when she walked on it, was contributorily negligent as a matter of law. *McManamon v. High's Dairy Products Corp.*, 230 Md. 370, 372, 187 A.2d 318 (1963). The Court noted that there were two clerks who could have gotten her the items she wanted. *McManamon*, 230 Md. at 372, 187 A.2d 318. By choosing to walk on a treacherous surface, she was the author of her own misfortune. *McManamon*, 230 Md. at 372, 187 A.2d 318.

Where the plaintiff saw the sawdust in a grocery store aisle and knew that it was slippery, she was contributorily negligent as a matter of law when she intentionally walked onto the sawdust. *Craig*, 244 Md. at 96–97, 222 A.2d 836. The Court noted that she had the reasonable alternative of walking on the section of the aisle that was clear. *Craig*, 244 Md. at 97–98, 222 A.2d 836.

The Court of Appeals has held, however, that, even if the plaintiff knows of a dangerous condition, the plaintiff is not contributorily negligent unless he or she acts unreasonably. *Sacks v. Pleasant*, 253 Md. 40, 46, 251 A.2d 858 (1969). In *Sacks*, the plaintiff slipped and fell when she tried to use a defective toilet seat which the landlord had promised to fix. *Sacks*, 253 Md. at 41–42, 251 A.2d 858. The Court noted that she had a right to use the only bathroom in her home and that she had used the defective seat for five or six months without mishap. *Sacks*, 253 Md. at 47, 251 A.2d 858. The Court did not regard her actions as an exposure to a known or obvious danger. *Sacks*, 253 Md. at 47, 251 A.2d 858.

The Court of Appeals also held that the plaintiff, who saw a janitor mopping just before she fell, could not be found contributorily negligent as a matter of law. *Suitland Manor Owners' Association, Inc. v. Cadle,* 257 Md. 230, 231–32, 262 A.2d 529 (1970). The Court distinguished that case from *Craig, supra,* by noting that Mrs. Craig had a choice of two routes: one safe, the other slippery and Mrs. Craig chose the slippery route. *Suitland Manor,* 257 Md. at 232, 262 A.2d 529. Thus, the Court implied that because the plaintiff had no safe route, she could not be held contributorily negligent as a matter of law. *Suitland Manor,* 257 Md. at 232, 262 A.2d 529.

> Both this Court and the Court of Appeals have noted that " '[w]here there is a conflict of evidence as to material facts relied upon to establish contributory negligence, or the act is of such a nature that reasonable minds, after considering all the circumstances surrounding the accident, may draw different conclusions as to whether it constituted contributory negligence, it is not for the court to determine its quality as a matter of law, but it is for the jury to pass upon it.' "

*Schwarz v. Hathaway,* 82 Md.App. 87, 91, 570 A.2d 348 (1990), quoting *Schwier v. Gray,* 277 Md. 631, 635, 357 A.2d 100 (1976). In *Schwarz,* the plaintiff's decedent was struck by a truck while pushing his motorcycle along the mini-shoulder next to the left hand "fast" lane of the Beltway. *Schwarz,* 82 Md.App. at 89, 570 A.2d 348. This Court held that, as a matter of law, plaintiff's decedent was not con-tributorily negligent and that the issue of his contributory negligence should not have been submitted to the jury. *Schwarz,* 82 Md.App. at 95–96, 570 A.2d 348. *Schwarz,* however, is distinguishable from the case at bar. This Court noted that the negligence of a person must be the moving and effective cause of the injury in order to impose liability. *Schwarz,* 82 Md.App. at 94, 570 A.2d 348. We stated that the decedent's negligence was at best "merely passive and potential." *Schwarz,* 82 Md.App. at 95, 570

A.2d 348. Thus, the Court found that the decedent's actions were not a cause of his injury, as a matter of law.

In the instant case, plaintiff's actions, if unreasonable, would clearly have been a moving and effective cause of the injury. Therefore, it was proper in this case to leave the issue of whether McNeal acted reasonably in the hands of the jury.

Additionally, the jury could have concluded and apparently did conclude that McNeal acted reasonably under the circumstances. Although she admitted she knew ice and snow are generally slippery, the jury could have decided that she assumed she would not have been assigned a room at the west side entrance if the entrance was too dangerous to use. Moreover, once McNeal reached the west side entrance, she was faced with only two choices: she could carefully cross the snow and ice to the west side entrance, or drive back to the front lobby entrance and transport her paper work and materials through the building. The jury could have determined that her choice was reasonable. While this Court might not have come to that conclusion or reached the same verdict, this case properly belonged in the hands of the jury. Therefore, viewing the evidence in the light most favorable to McNeal, we cannot say she was contributorily negligent as a matter of law.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.