Kirk E. **REID,** Plaintiff,

v.

**WASHINGTON OVERHEAD DOOR, INC.** t/a Overhead Door Company of Washington, D.C., Defendant/Third–Party Plaintiff,

v.

**The United States of America,** Defendant/Third–Party Defendant.

No. CIV. A. AW–99–2877.

United States District Court, D. Maryland, Southern Division.

Aug. 25, 2000.

Mack E. Davis, Law Office, Claude L. Matthews, Jr., Law Office, Washington, DC, for Kirk E. Reid, plaintiff.

Michael P. DeGeorge, Law Offices of Michael P. DeGeorge, Lance Gerard Montour, Law Office of Michael P. DeGeorge, Rockville, MD, for Washington Overhead Door, Inc., defendant.

Lynne A. Battaglia, U.S. Attorney, Andrea Leahy–Fucheck, Office of U.S. Attorney, Baltimore, MD, for U.S., third-party defendant.

### MEMORANDUM OPINION

WILLIAMS, District Judge.

Pending before the Court is Defendant U.S.A.'s Motion for Summary Judgment [50–1]. The other defendant, Washington Overhead Door, Inc., recently settled with the Plaintiff. Accordingly, the Court will deny-as-moot Defendant Washington Overhead Door Inc.'s Motion for Summary Judgment [48–1]. The pending motion has been briefed, and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons stated below, the Court will grant Defendant U.S.A.'s Motion for Summary Judgment.

### I. *Background*

The background facts of this case are fairly straightforward. The Plaintiff is Kirk Reid, a thirty-four year old man who was injured while employed with Pizza Brothers East. This business is located in the National Naval Medical Center. At the time, Plaintiff was employed as a restaurant manager. His duties required, among other things, receiving and stocking deliveries in the storage area. This required heavy lifting as many of the deliveries came in bulk. During his tenure, Plaintiff had accessed the loading dock area of the building on a daily basis, and

sometimes several times a day. Plaintiff was familiar with the loading dock door and had operated the control switches of the door previously.

On April 10, 1996, Plaintiff was working his normal shift. Plaintiff decided to take certain items to the storage area because a delivery had come in earlier that day and there were some items in the restaurant that needed to be placed in storage. When Plaintiff arrived at the storage area, the door was already open. Plaintiff entered the storage area and began unloading the items from Pizza Brothers East. After putting the items in storage, Plaintiff remained to straighten up the storage area. This lasted approximately one hour.

As Plaintiff began to leave the storage area he realized that the loading dock door was open. Previously, Plaintiff and other resident of the Center had been told they were responsible for helping to make sure any and all exits were secured. When Plaintiff went to close the door, he saw that it was "propped open" by a broomstick or mop handle in the tracks. Plaintiff stepped inside of the door to operate the controls. However, rather than securing the door with the controls first, Plaintiff decided to remove the stick by hand from the track. While he took this action, his shoulder was in the downward path of the door. When the Plaintiff pulled out the broomstick, the door succumbed to the law of gravity. The door dropped on him, hitting his shoulder, and pinning him to the ground. Plaintiff sustained various damages as a result. Plaintiff subsequently filed a civil action alleging tort claims sounding in negligence and strict liability against Defendant U.S.A. All of the Plaintiff's remaining claims are subject to the defenses of contributory negligence or assumption of the risk that are presented in the Defendant U.S.A.'s motion for summary judgment.

## II. *Analysis*

### A. *Standard for Summary Judgment*

Defendant U.S.A. has filed a motion for summary judgment. Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted when no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To defeat such a motion, the party opposing summary judgment must present admissible evidence of specific facts from which the finder of fact could reasonably find for him or her. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The claimant must proffer sufficient proof, in the form of admissible evidence, such that they could carry their burden at trial. *See Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir.1993). A party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *Runnebaum v. NationsBank of Maryland, N.A.*, 123 F.3d 156, 164 (4th Cir.1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985)). The Fourth Circuit has further charged district courts with the "affirmative obligation" to prevent factually unsupported claims from proceeding to trial. *See Drewitt v. Pratt*, 999 F.2d 774 (4th Cir.1993); *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987), *quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### B. *Lack of Liability as to Defendant U.S.A.*

■ The Court does not believe that Defendant U.S.A. can be held liable in the first instance. Initially, the Plaintiff has not presented admissible evidence showing a breach of a duty to inspect or maintain the loading dock doors in this case. *See Southland Corp. v. Griffith*, 332 Md. 704, 633 A.2d 84 (1993). More importantly, the Plaintiff has clearly failed to show that

Defendant U.S.A. knew the loading dock door was defective or dangerous. *See Keene v. Arlan's Department Store of Baltimore, Inc.*, 35 Md.App. 250, 370 A.2d 124 (1977), *citing Link v. Hutzler Bros.*, 25 Md.App. 586, 335 A.2d 192 (1975). In short, the Plaintiff has presented no admissible evidence of any prior notice to Defendant U.S.A.

■ Plaintiff now attempts to rely on the doctrine of *res ipsa loquitur* to oppose the motion. *See Harris v. Otis Elevator Co.*, 92 Md.App. 49, 51, 606 A.2d 305 (1992). However, the *res ipsa loquitur* doctrine is clearly not applicable to the facts of this case. Defendant U.S.A. did not have exclusive possession of the loading door area. *See Holzhauer v. Saks & Co.*, 346 Md. 328, 697 A.2d 89 (1997). Various employees worked on the premises, and Plaintiff's own work experience contradicts any assertion that Defendant U.S.A. was in exclusive control of the loading dock door area. Furthermore, for the reasons detailed below, the Plaintiff also cannot show that the incident was not caused by an act or omission of the plaintiff. *See Dover Elevator Co. v. Swann*, 334 Md. 231, 638 A.2d 762, (1994). Simply put, the Plaintiff has presented no admissible evidence to create a genuine dispute over liability by Defendant U.S.A. Accordingly, the Court will grant summary judgment. *See Drewitt v. Pratt*, 999 F.2d 774 (4th Cir.1993).

## C. *The Contributory Negligence and Assumption of Risk Defenses*

Even if the Court did believe Defendant U.S.A. could be held liable in the first instance, the Court believes Plaintiff was contributory negligent and assumed the risk of this accident. Contributory negligence is a complete defense to Plaintiff's negligence claims, and the assumption of risk defenses is dispositive as to both Plaintiff's negligence and strict liability claims. In addition, contributory negligence and assumption of the risk are closely related and often overlapping defenses.

*See Schroyer v. McNeal*, 323 275 (1991); *see also Wiggins v. State*, 232 Md. 228, 192 A.2d 515 (1963). The Court has carefully considered these defenses independently, and the parties' submissions on the defenses. The Court believes it must grant summary judgment against Plaintiff's negligence and strict liability claims based on the overwhelming evidence supporting these defenses.

■ Contributory negligence is an absolute defense to Plaintiff's negligence claims. Maryland is one of the few states which continues to adhere to the doctrine of contributory negligence as a complete bar to recovery. *See Ramos v. Southern Maryland Electric Cooperative, Inc.*, 996 F.2d 52, 54–55 (4th Cir.1993). In other words, if the Plaintiff was contributorily negligent in any way, she will be unable to recover anything in damages, no matter how small her degree of negligence. *See Menish v. Polinger Co.*, 277 Md. 553, 558, 356 A.2d 233 (1976). Maryland law defines contributory negligence as "the failure to observe ordinary care for one's own safety. It is the doing of something that a person of ordinary prudence would do under the circumstances." *Menish*, 277 Md. at 558, 356 A.2d 233, *citing Potts v. Armour & Co.*, 183 Md. 483, 490, 39 A.2d 552 (1944). As the Maryland Court of Appeals has explained, it is "Conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause co-operating with the negligence of the defendant in bringing about the plaintiff's harm." *Craig v. Greenbelt Consumer Services, Inc.*, 244 Md. 95, 222 A.2d 836 (1966). While contributory negligence is ordinarily a jury question, the Maryland Court of Appeals has established that a plaintiff can be contributorily negligent as a matter of law when there is no genuine dispute as to the plaintiff's own negligence. *See Driver v. Potomac Elec. Power Co.*, 247 Md. 75, 230 A.2d 321 (1967) (affirming summary judgment based on contributory negligence on workman's act of raising

boom high enough to hit power lines). The Maryland courts have not hesitated to find a plaintiff contributorily negligent as a matter of law where common experience reveals the foreseeable dangers of the plaintiff's actions. *See Berzups v. H.G. Smithy Co.,* 22 Md.App. 157, 321 A.2d 801 (1974) (holding plaintiff was contributorily negligent as a matter of law when he saw ice on sidewalk yet did not hesitate to continue to walk over ice); *Eyler v. Adolph,* 238 Md. 227, 229, 208 A.2d 609 (1965) (same); *Sugar v. Traub,* 233 Md. 320, 322–23, 196 A.2d 869 (1964) (holding plaintiff who walked into utility room without looking where she was going and slipping in pool of water was contributorily negligent as a matter of law). As the Maryland Court of Appeals has explained, the plaintiff is *"chargeable with foreseeing what common experience tells may, in all likelihood, occur, [and taking] proper precautions for his own safety." Menish v. Polinger Company,* 277 Md. at 554, 356 A.2d 233 (1976) (emphasis added); *McManamon v. High's Dairy Products Corp.,* 230 Md. 370, 187 A.2d 318 (1963) (holding plaintiff must "foresee what common experience tells may, in all likelihood, occur and to anticipate and guard against what usually happens.")

■ Based on these standards, the Court believes that the Plaintiff was contributorily negligent as a matter of law, and no reasonable jury could find for him. First, there is no doubt that Plaintiff's actions helped caused the accident: the Plaintiff removed the broomstick while standing in the path of the door, and the heavy door fell onto his shoulders, thereby injuring him. *See Craig v. Greenbelt Consumer Services,* 244 Md. 95, 222 A.2d 836 (1966) (finding contributory negligence when plaintiff's conduct was legally contributing cause cooperating with negligence of defendant in bringing about plaintiff's harm). The Court further believes it is indisputable that the plaintiff was contributorily negligent as a matter of law. The sight of the loading dock door—in

Plaintiff's own words "propped open with a broomstick or mop handle"—presents an obvious and foreseeable hazard. One only need be familiar with the law of gravity to foresee the hazards in removing the stick while standing underneath the door. Plaintiff admits knowing the loading dock door was extremely heavy. He testified that he had never before seen a broomstick or mop wedged in the tracks of the door. Having used the operating mechanism numerous times. Plaintiff obviously knew he could have secured the door first with the controls before manually removing the stick. The Plaintiff did not even try to call or locate anyone who may have known about the stick, even though the loading dock shipping and receiving office was only 40 feet from the door. *See McManamon v. High's Dairy Products Corp.,* 230 Md. 370, 372, 187 A.2d 318 (1963) (finding plaintiff was contributorily negligent, when, "although plaintiff was pregnant and could have avoided the danger by asking a clerk for assistance, she chose to walk on a damp floor and fell, injuring herself"). In short, Plaintiff failed to take any precautions. In fact, the Plaintiff moved from a relatively safe position just outside the door's path, and placed himself such that his right shoulder was directly under the 200 pound door. The Court believes that the undisputed evidence shows that the Plaintiff was contributorily negligent as a matter of law. Because no reasonable jury would find otherwise, the Court has the obligation to grant summary judgment on Plaintiff's negligence claims. *See Drewitt v. Pratt,* 999 F.2d 774 (4th Cir.1993).

■ For similar reasons, the Court believes that it must grant summary judgment based on the assumption of risk defense. Assumption of risk is a complete bar not only to Plaintiff's negligence claims, but to his claims for strict liability as well. *See ADM Partnership v. Martin,* 348 Md. 84, 702 A.2d 730 (1997), *quoting Warner v. Markoe,* 171 Md. 351, 359–60, 189 A. 260 ("[I]f established, it functions as

a complete bar to recovery because 'it is a previous abandonment of the right to complain if an accident occurs.'"). To prove the assumption of risk defense, the defendant must show the plaintiff: (1) had knowledge of the risk of the danger; (2) appreciated the risk; and (3) voluntarily confronted the risk of danger. *See Liscombe v. Potomac Edison Co.*, 303 Md. 619, 495 A.2d 838 (1985); *Odenton Dev. Co. v. Lamy*, 320 Md. 33, 575 A.2d 1235 (1990). Negligence is irrelevant to the issue of assumption of risk. *See Williamson Truck Lines, Inc. v. Benjamin*, 244 Md. 1, 222 A.2d 375 (1966).

Plaintiff baldly asserts that "there is no evidence to show that [he] had knowledge [of] the risk of danger of removing the broomstick ... there is no evidence to show that [he] appreciated the risk involved in his action." *See* Plaintiff's Memorandum at 6. Plaintiff argues that his professions of unawareness prevent summary judgment from being granted. However, a plaintiff may not defeat summary judgment simply by making blanket denials that he did not know about an obvious risk. As the Maryland Court of Appeals has held, "In determining whether a plaintiff had knowledge and appreciation of the risk, an objective standard must be applied and a plaintiff will not be heard to say that he did not comprehend a risk which must have been obvious to him." *See Gibson v. Beaver*, 245 Md. 418, 226 A.2d 273 (1967). Moreover, such issues can be resolved as a matter of law. *Schroyer v. McNeal*, 323 Md. 275, 592 A.2d 1119 (1991) ("[W]hen it is clear that a person of normal·intelligence in the position of the plaintiff must have understood the danger, the issue is for the court."). As Court of Appeals has explained, "[T]here are certain risks which anyone of adult age must be taken to appreciate: the danger of slipping on ice, of falling through unguarded openings, of lifting of heavy objects ... and doubtless many others."

*See ADM Partnership v. Martin*, 348 Md. 84, 702 A.2d 730 (1997) *quoting* Prosser and Keeton § 68, at 488. Surely, the risk in removing a stick propping open a heavy door can be added to that list of obvious dangers. Plaintiff's inexplicable assertion that he did not appreciate even the *risk* that the door could fall on him when he removed the stick propping open the door is a denial of reality for a person of normal intelligence. *See Schroyer v. McNeal*, 323 Md. 275, 592 A.2d 1119 (1991); *see also Gibson v. Beaver*, 245 Md. 418, 226 A.2d 273 (1967). In addition, there is strong inferential evidence that the Plaintiff appreciated the risk: Plaintiff admitted knowing the loading dock door was very heavy and he admits seeing the door (in the Plaintiff's words) "propped open" with a stick. *See Burke v. Williams*, 244 Md. 154, 158, 223 A.2d 187 (1966) (granting judgment as a matter of law based on assumption of risk defense).

Moreover, while Plaintiff alludes to his allegation (which the Court will accept as true) that he was "responsible for" securing the loading dock when he emptied the trash,[1] there can be no doubt that Plaintiff voluntarily subjected himself to this risk. Plaintiff, in fact, repeatedly concedes that his actions were voluntary. *See* Plaintiff's Memorandum 6–7 ("*While plaintiff's actions were voluntary* the defendant has presented no evidence to show that he knew of the potential danger of removing the broomstick or mop handle and actually knew that the door might fall on him when *he voluntarily subjected himself* to the risk of removing the stick.") (emphasis added). Furthermore, as the Maryland Court of Appeals has explained, "[A]n employee, in examining his surroundings, must use reasonable care to take notice of any obvious dangers ... If a defect is obvious and suggestive of danger, knowledge on the part of the employee will be presumed." *Le Vonas v. ACME Paper*

---

1. While Plaintiff refers to his discovery dispute with Defendant U.S.A. on this issue, this dispute has been largely resolved, and is irrelevant anyway once the Court accepts as true his assertion that he was responsible for securing the dock.

*Bd. Co.,* 184 Md. 16, 21, 40 A.2d 43 (1944). The single case Plaintiff cites does not support his position, but instead undermines his case. *See ADM Partnership v. Martin,* 348 Md. 84, 702 A.2d 730 (1997). In *ADM Partnership,* the Maryland Court of Appeals expressly rejected an employees' contention that he did not voluntarily assume the risk of falling on a walkway when making a delivery, after speculating that he could be terminated if he did not complete the delivery. *Id.* at 740. More importantly, this case is different from many workplace decisions, because the Plaintiff here *did* have reasonable alternatives: he could have first secured the door with the controls panel, or he could have sought out additional assistance. Instead, he voluntarily subjected himself to an obvious risk of harm, and in so doing, precluded any recovery. *See ADM Partnership v. Martin,* 348 Md. 84, 702 A.2d 730 (1997). The Court believes that no reasonable jury could find otherwise and, accordingly, will grant summary judgment on Plaintiff's remaining claims. *See Drewitt v. Pratt,* 999 F.2d 774 (4th Cir.1993).

### III. *Conclusion*

For the reasons stated above, the Court will grant Defendant U.S.A.'s Motion for Summary Judgment on the remaining claims. Because Defendant Washington Overhead Door Inc. is no longer a party, this decision resolves the case. The Court will issue an Order consistent with this Memorandum Opinion.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this 25th day of August, 2000 by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant Washington Overhead Door, Inc.'s Motion for Summary Judgment [48–1] BE, and the same hereby IS, DENIED–AS–MOOT;

2. That Defendant U.S.A.'s Motion for Summary Judgment [50–1], BE, and the same hereby IS, GRANTED;

3. That the Clerk of Court CLOSE this case;

4. That the Clerk of Court mail copies of this Memorandum Opinion and Order to all parties of record.